[No. 11960.   Department One. — March 27, 1889.]

## HENRY MILLER ET AL., APPELLANTS, v. MASSEY THOMAS ET AL., RESPONDENTS.

APPEAL — COSTS — INSUFFICIENCY OF TRANSCRIPT — DISMISSAL. — When the transcript on appeal does not contain the judgment roll, but only a part of the findings relating to the matter of expenditures and costs, and a portion of the final judgment relating to the allowance of costs, which portion is appealed from, and there is nothing to show who are all the parties to the record, or whether all entitled to service have been served with the notice of appeal, and the record is in such a condition that it would be useless to attempt an examination of the case upon its merits, and impossible to determine whether the error assigned exists or not, the appeal will be dismissed.

APPEAL from a judgment of the Superior Court of Santa Clara County

The facts are stated in the opinion of the court.

*S. O. Houghton,* for Appellants.

*J. C. Black, S. F. Leib, T. H. Laine,* and *William Matthews,* for Respondents.

PATERSON, J.—We are unable to determine precisely from the record herein what is the nature of the action, who appeared as parties in the court below, or who were served with summons, or upon how many of those who did appear the notice of appeal was served. There is no judgment roll before us,—no complaint, summons, answer, findings, or judgment. There is a document purporting to contain part of the findings relating to the matter of expenditures and costs, and another document purporting to be a portion of the final judgment relating to costs, but what matters are contained in other findings and other portions of the judgment not before us we cannot determine. It is asserted by counsel for certain respondents that there were four hundred defendants in the court below. If this be true, there are over a hundred parties to the record whose names do not appear in the notice of appeal, and there is nothing to show that all of those named in the notice were served. The notice of appeal states that the appeal is "from that part of the final judgment made and entered in the above-entitled action on the nineteenth day of June, 1886, fixing the amount of costs, in so far as it refuses or fails to include therein counsel fees paid and incurred by the plaintiffs for the benefit of all the tenants in common, who are charged in said judgment with the payment of the costs of partition." But it is impossible to tell from the scrap of the decree designated in the transcript as "portions of the final judgment relating to allowance of costs, and to the question involved on this appeal," whether the court, in fixing the amount of costs, refused or failed "to include therein counsel fees paid and incurred by the plaintiffs for the benefit of all the tenants in common," etc.

There are other objections to the transcript, but we have pointed out a sufficient number to show beyond all question, we think, that it would be useless to attempt an examination of the case on its merits.

The appeal is therefore dismissed.

WORKS, J., and BEATTY, C. J., concurred.