[L. A. No. 983. Department One.—January 8, 1902.]

## ARTHUR McDOUGALL, and NETTIE F. PIERCE, Appellants, v. ELLA McDOUGALL, Respondent.

HUSBAND AND WIFE—CONVEYANCE TO WIFE—ABSENCE OF MONEY CONSIDERATION—UNDUE INFLUENCE NOT PRESUMED.—Upon a conveyance from a husband to his wife, undue influence of the wife over the husband is not presumed from the mere relation of husband and wife, though no money consideration was paid by her for the deed.

ID.—ACTION BY CHILDREN TO SET CONVEYANCE ASIDE—PROOF—DELIVERY—PRESUMPTION—FINDING.—In an action by the children of the deceased husband by a former marriage, to set aside his conveyance to his second wife, where there was no evidence tending to sustain the charge of undue influence, and near the close of plaintiff's evidence the deed was called for from the possession of the defendant and placed in evidence by the plaintiff, which showed that it was acknowledged on the day of its date, the allegation of plaintiff's complaint, that it was not delivered, was disproved by the presumption of law that it was delivered at its date, which, not being controverted, bound the jury or the court to find according to the presumption.

ID.—JURY TRIAL—MOTION FOR NONSUIT—STIPULATION—TRIAL BY COURT.—Where the trial of the cause was begun before a jury, which heard the evidence adduced by the plaintiff, and when the defendant moved for a nonsuit the parties stipulated that the jury should be discharged, and that in case the motion was denied the court should proceed in the case without a jury, such stipulation left the court the sole judge of the facts, with power to pass upon the motion as though no jury had been called.

APPEAL from a judgment of the Superior Court of Los Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion.

J. W. Taggart, and George L. Saunders, for Appellants.

B. F. Thomas, for Respondent.

HAYNES, C.—Appeal from a judgment of nonsuit. The defendant is the widow of James McDougall, deceased; the plaintiffs, his children by a former marriage. The latter sue to cancel a deed dated June 9, 1899, purporting to convey to the defendant a lot in the city of Los Angeles. Plaintiffs allege, in substance, that the deed was never delivered, and, also, that the signature of the deceased thereto was procured by undue influence. On the trial a nonsuit was granted on the grounds (in effect) that the plaintiffs had failed to show either undue influence or that the deed was not delivered.

1. As to the former ground, there was, in fact, no evidence tending to show undue influence, unless it be the relation of husband and wife existing between the parties to the deed; and this relation, under the authority of *Tillaux* v. *Tillaux,* 115 Cal. 670, (affirmed in *White* v. *Warren,* 120 Cal. 324; *Sheehan* v. *Sullivan,* 126 Cal. 192; *Stiles* v. *Cain,* 134 Cal. 170,) must be regarded as, of itself, having no such effect. "Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried; subject in transactions between themselves to the general rules which control the actions of persons occupying confidential relations with each other as defined by the title on trusts." (Civ. Code, sec. 158.) In *Stiles* v. *Cain,* 134 Cal. 170, in speaking of said section, Mr. Justice Temple said:—

"But in giving her the right freely to contract in regard to property with her husband, the legislature naturally sought to give her some protection from the influence of her husband. The right to control her own affairs would not free her from what in fact is, and is always presumed to be, the predominating influence of her husband. . . . This section was a change in that system," (the common-law system) "in favor of the wife, and the protection here furnished is to her. I do

not contend that there is no legal presumption that the wife has great influence over her husband. Such presumption does exist, and may be an important factor in any litigation between them. The question is whether this influence is presumed to be 'undue influence' within the meaning of section 1575 of the Civil Code, without proof of the fact, in case she has a business transaction with her husband. I think not, and such, I think, is the effect of the two cases cited above.'' (The cases referred to are *Dimond* v. *Sanderson*, 103 Cal. 97, and *Tillaux* v. *Tillaux*, 115 Cal. 663.) Appellants' contention that a *prima facie* case of undue influence was made when it was shown that the parties to the deed were husband and wife, and that the former conveyed his entire estate without consideration (the property being a house and lot of the value of $3,000), cannot be sustained. If such relation constituted *prima facie* evidence of undue influence, it would place the wife or widow under the necessity of rebutting such *prima facie* evidence in all cases where her title was derived from her husband, a burden not contemplated by the code.

As to the illness of the grantor, the evidence shows that "he went out riding sometimes between the 1st and 15th of June," and on the 20th of June attended the laying of the corner-stone of the Franciscan College, and on the 24th gave Mrs. Pierce a check, with instructions as to its use. The deed was executed June 9th.

2. It is alleged in the complaint that the deed purporting to convey said property to the defendant was never delivered to her.

There was no direct evidence touching the making or delivery of the deed, except that it was made during the sickness of the grantor, and about a month before his death, other than the deed itself.

Near the close of plaintiff's evidence, at the request of their counsel, the defendant produced the deed, and plaintiffs put it in evidence. It bore date June 9, 1899, was signed by the grantor, witnessed by the notary, C. C. Hunt, before whom it was duly acknowledged the same day, and was recorded July 7, 1899, at the request of the grantee, in the office of the county recorder of Los Angeles County, in which county the property described therein is situated.

The defendant was then called as a witness by the plaintiffs, and was asked: ''Was any consideration paid by you to James

McDougall for that instrument?—A. No, sir.—Q. Or by anybody else in your behalf?—A. No, sir.'' No question was asked touching the delivery of the deed. Plaintiffs then rested, and defendant moved for a nonsuit, as hereinbefore stated.

The deed was put in evidence by the plaintiffs without any restriction or statement limiting its effect as evidence. It came from the possession of the defendant. It required no extraneous evidence to make its admission proper. ''Every instrument conveying or affecting real property, acknowledged or proved and certified, as provided in the Civil Code, may, together with the certificate of acknowledgment or proof, be read in evidence in an action or proceeding without further proof.'' (Code Civ. Proc., sec. 1951.) If admissible without further proof, it must be competent evidence of a grant to the grantee from the grantor, and conclusive, unless impeached. ''A grant duly executed is presumed to have been delivered at its date.'' (Civ. Code, sec. 1055.) ''A presumption is a deduction which the law expressly directs to be made from particular facts.'' (Code Civ. Proc., sec. 1959.) ''A presumption (unless declared by law to be conclusive) may be controverted by other evidence, direct or indirect; but unless so controverted, the jury are bound to find according to the presumption.'' (Code Civ. Proc., sec. 1961. See, also, *Ward* v. *Dougherty,* 75 Cal. 243;[1] *Gordon* v. *City of San Diego,* 108 Cal. 268; *Murray* v. *Tulare Irr. Co.,* 120 Cal. 315; *Lewis* v. *Burns,* 122 Cal. 362.)

The record shows that a jury was called, and heard the evidence, and that when the motion for nonsuit was made, and before it was heard, the parties stipulated that the jury should be discharged, and that, in case the motion was denied, the court should proceed with the case without a jury. This stipulation left the court the sole judge of the facts, with power to pass upon the motion as though no jury had been called.

I advise that the judgment be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.    Harrison, J., Garoutte, J., Van Dyke, J.

[1] 7 Am. St. Rep. 151.