[L. A. No. 1595.   Department One.—July 28, 1904.]

M. F. SKINNER, Appellant, v. T. L. HORN et al., Defendants; B. H. PENDLETON, Respondent.

APPEAL—RECORD—AFFIDAVITS UPON MOTION FOR NEW TRIAL.—Affidavits used upon a motion for a new trial are no part of the record upon appeal unless they have been incorporated in a bill of exceptions; and if not so incorporated, cannot be considered in this court.

ID.—ORDER GRANTING NEW TRIAL — BURDEN UPON APPELLANT — PRESUMPTION.—The burden is upon the appellant from an order granting a new trial to show error in the action of the trial court, and to bring up all the papers used upon the hearing of the motion, including any affidavits used thereupon properly authenticated by being placed in a bill of exceptions; and in the absence of a bill of exceptions showing what was used upon the motion, unless the record upon appeal establishes the contrary, it will be conclusively presumed in favor of the order that the motion was in part based upon some ground upon which affidavits could be used, that affidavits were in fact used upon the hearing, and were sufficient to justify the court in making the order.

SUGGESTION of Respondent for diminution of record upon appeal from an order of the Superior Court of the County of Riverside granting a new trial.   J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Purington & Adair, for Appellant.

Wright & Lukens, for Respondent.

ANGELLOTTI, J.—The superior court having granted a motion for a new trial as to defendant B. H. Pendleton, the plaintiff appealed from such order, and has filed in this court a transcript on appeal containing the judgment-roll, the settled statement used on the motion for a new trial, a copy of the order granting a new trial, and of the notice of appeal.

Respondent, Pendleton, has suggested to this court that the transcript is defective in that it does not contain certain specified affidavits which, it is alleged in the affidavit filed herein on his behalf, were read, used, and considered by the trial court upon the hearing of his motion for a new trial, as well

as upon the hearing of a motion made by him for leave to amend his motion for a new trial, and his motion for an order vacating and setting aside the judgment, and has, by motion, asked for an order directing the clerk of the superior court to certify to this court, as a part of the record on appeal, the said affidavits.

It is not suggested that said affidavits have been incorporated in a bill of exceptions, or in any way authenticated as having been used on the hearing in the court below, and it was admitted on the argument that they had not been incorporated in a bill of exceptions. Under these circumstances it is clear that even if the affidavits had been set forth in the transcript, or if they should be now certified by the clerk of the superior court to this court, they could not be considered by the court on the appeal from the order granting the motion for a new trial.

It is now well settled that affidavits used on a motion for a new trial cannot be considered by this court on an appeal from the order made on such motion, unless they are incorporated in a bill of exceptions. Rule XXIX of this court provides: "In all cases of appeal to this court from the orders of the superior courts, the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except where another mode of authentication is provided by law." There is no other mode provided by law for the authentication of affidavits used on the hearing of a motion for a new trial, and a bill of exceptions is therefore the exclusive method by which such affidavits may be presented for the consideration of this court. (*Cahill* v. *Baird,* 138 Cal. 691; *Melde* v. *Reynolds,* 120 Cal 234; *Von Glahn* v. *Brennan,* 81 Cal. 261-264. See, also, *Herrlich* v. *McDonald,* 80 Cal. 472.) This question is elaborately discussed in the opinion in *Melde* v. *Reynolds,* 120 Cal. 234, and it is there pointed out that affidavits used on a motion for a new trial may be incorporated in a bill of exceptions settled as directed in section 651 of the Code of Civil Procedure. When so incorporated in a bill of exceptions, and by this means authenticated as having been used on the hearing of the motion, they constitute a part of the record on appeal. If they are not so authenticated, they are no part of the record on appeal, and cannot be considered by this court.

It is suggested that the respondent has had no opportunity to incorporate the affidavits in a bill of exceptions, inasmuch as the decision on his motion for a new trial having been in his favor, and he, therefore, having had no exceptions to present, and no appeal to take, the appellant did not propose any bill of exceptions, and he, respondent, had no occasion or right to propose any such bill or to have the same settled. The transcript does not show that any bill of exceptions was proposed by appellant, and it was admitted on the argument that there was no such procedure followed. The suggestion appears to be well based, but these facts lend no aid to respondent on this motion. It still remains that we cannot, on the appeal, consider any affidavits that are not authenticated in the manner provided by law.

This would be a harsh and unjust rule, if a respondent could be deprived of the aid of his affidavits used on the motion, by reason of the failure of the appellant to propose a bill of exceptions and thus give him an opportunity to obtain proper authentication thereof. But we cannot see that, under such circumstances, the presentation of such affidavits to this court could ordinarily be essential to the preservation of a respondent's rights. It devolves on the appellant, under our law, to furnish this court "with a copy of the notice of appeal, of the order appealed from, and of the papers designated in section 661" of the Code of Civil Procedure. (Code Civ. Proc., sec. 952.) It is thus made his duty to bring up not only the judgment-roll and the bill of exceptions or statement on motion for a new trial, but also such affidavits as may have been used on the hearing (Code Civ. Proc., sec. 661), properly authenticated by being placed in a bill of exceptions. The burden is on him to show error in the action of the trial court. The presumption is that the order granting a new trial was properly made, and, in the absence of a bill of exceptions showing what was used on the motion, unless the record on appeal establishes the contrary, it will be conclusively presumed in favor of the order that the motion was in part based upon some ground upon which affidavits could be used, that affidavits were in fact used on the hearing, and also that such affidavits were sufficient to justify the court in the making of the order appealed from. (*Larkin* v. *Larkin*, 76 Cal. 323. See, also, *Nash* v. *Harris*, 57 Cal. 242; *Shain* v.

*Eikerenkotter,* 88 Cal. 13.) If, therefore, the appellant fails to present a record which shows affirmatively that the lower court erred in granting a new trial, such failure will operate solely to his own disadvantage.

The motion for an order requiring the clerk of the superior court to certify the affidavits to this court is denied.

Shaw, J., and Van Dyke, J., concurred.