[L. A. No. 1595. In Bank.—January 21, 1905.]

## M. F. SKINNER, Appellant, v. T. L. HORN et al., Defendants; B. F. PENDLETON, Respondent.

APPEAL—ORDER GRANTING NEW TRIAL—NOTICE OF INTENTION NOT PART OF RECORD—GROUND FOR AFFIDAVITS NOT NEGATIVED.—Upon appeal from an order granting a new trial, where the notice of intention to move for a new trial, or the statement of grounds specified therein, has not been made part of the record by incorporation in the statement or any bill of exceptions, it cannot be considered, though printed in the transcript; and where the record does not negative the existence of a ground of the motion requiring affidavits, though it might be negatived if the notice were made part of the record, the order granting the new trial must be affirmed.

APPEAL from an order of the Superior Court of Riverside County granting a new trial. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Purington & Adair, for Appellant.

Wright & Lukens, for Respondent.

BEATTY, C. J.—On motion of one of several defendants the superior court ordered a new trial of this cause, and plaintiff appeals from the order.

After the transcipt was filed the respondent suggested a diminution of the record and moved to amend the transcript by the addition of certified copies of affidavits alleged to have

been used in support of his motion for a new trial. In denying that motion to amend we have practically decided this appeal. (*Skinner* v. *Horn,* 144 Cal. 278.) We held that a party apealing from an order must bring up a record demonstrating conclusively that the lower court erred in its ruling or must fail in his appeal, and that an order granting a new trial must be affirmed when the record contains nothing but a statement on motion for a new trial, and fails to show that the motion was not based also upon one or more of the grounds which require affidavits for their support. Such is the condition of this record. It contains a settled statement on motion for a new trial, and there also appears in the transcript what purports to be a copy of respondent's notice of his intention to move. But this notice of intention is not incorporated in the statement or in any bill of exceptions, and, therefore, is no part of the record. (*Pico* v. *Cohen,* 78 Cal. 384.) If we could consider it, we might be justified in assuming that the motion for a new trial must have been based exclusively upon the grounds covered by the statement. But we have no more right to consider this notice of intention than we have to consider the affidavits which we have refused to order certified upon the ground that they are no part of the record. *Non constat,* therefore, that the order granting a new trial was not supported by affidavits disclosing newly discovered evidence, or some other of the first four grounds for the motion. (Code Civ. Proc., sec. 657.)

The order is affirmed.

Shaw, J., Angellotti, J., Van Dyke, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.