[S. F. No. 3167.   Department One.—May 6, 1905.]

## M. ISABEL WYCKOFF, Administratrix, etc., Appellant, v. PAJARO VALLEY CONSOLIDATED RAILROAD COMPANY, Respondent.

ORDER GRANTING NEW TRIAL—REVIEW UPON APPEAL—BURDEN OF SHOWING ERROR—PRESUMPTION AS TO GROUNDS OF MOTION.—Upon appeal from an order granting a new trial the burden is upon the appellant to show error; and where the grounds of the motion and what was used thereupon do not appear in the record, it will be conclusively presumed in favor of the order that the motion was in part based upon some ground upon which affidavits could be used, and that such affidavits were used, and were sufficient to justify the order.

APPEAL from an order of the Superior Court of Monterey County granting a new trial. N. A. Dorn, Judge.

The facts are stated in the opinion of the court.

Lindsay & Netherton, for Appellant.

S. F. Geil, and C. F. Lacey, for Respondent.

ANGELLOTTI, J.—This is an appeal by plaintiff from an order granting defendant's motion for a new trial. The order

granting the motion does not disclose the ground upon which it was granted, and the record on appeal nowhere discloses that the motion for a new trial made by defendant was not in part based upon grounds requiring the use of affidavits upon the hearing, such as irregularities, misconduct of the jury, accident, or surprise, and newly discovered evidence (Code Civ. Proc., secs. 657, 658), or that affidavits in support of one or more of such grounds were not, in fact, used on the hearing of such motion. The case is in no respect different from that of *Skinner* v. *Horn,* 144 Cal. 278. In that case it was said by this court, speaking of an appeal from an order granting a new trial: "The burden is on him [the appellant] to show error in the action of the trial court. The presumption is that the order granting a new trial was properly made, and, in the absence of a bill of exceptions showing what was used on the motion, unless the record on appeal establishes the contrary, it will be conclusively presumed in favor of the order that the motion was in part based upon some ground upon which affidavits could be used; that affidavits were in fact used on the hearing, and also that such affidavits were sufficient to justify the court in the making of the order appealed from." (144 Cal. 280.) It was further pointed out in that case that the party desiring to appeal from an order granting a new trial may always show what was used on the hearing of the motion, by a bill of exceptions, settled as authorized by section 651 of the Code of Civil Procedure.

It is unnecessary to notice the other points made by respondent in support of the order appealed from, as such order must be affirmed for the reason already stated.

The order granting a new trial is affirmed.

Shaw, J., and Van Dyke, J., concurred.