[Civ. No. 202.   Second Appellate District.—October 16, 1906.]

## L. L. MILLER, Respondent, v. GRIFFITH J. GRIFFITH et al., Appellants.

ORDER GRANTING NEW TRIAL—VERDICT AGAINST LAW—DISREGARD OF INSTRUCTIONS—PRESUMPTION UPON APPEAL.—In an action to recover an attorney's fee for $20,000, where the verdict was for $500, and a new trial was granted, one of the grounds of which was that the verdict was against law, which means that it was in disregard of the instructions of the court, upon appeal from the order granting a new trial, every presumption is in favor of the order, and where no instructions appear in the record, it must be presumed that the jury disregarded the instructions. For aught that appears, the court may have instructed the jury, if finding for plaintiff, to find a much larger sum.

ID.—DUTY OF APPELLANT TO MAKE ERROR AFFIRMATIVELY APPEAR.—It is the duty of the appellant to make error affirmatively appear in the record; and if no ground is shown by the record for reversal of the new trial order, it must be affirmed.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.   B. F. Bledsoe, Judge presiding.

The facts are stated in the opinion of the court.

Jones & Weller, J. W. McKinley, Earl Rogers, and Luther Brown, for Appellants.

Hunsaker & Britt, for Respondent.

GRAY, P. J.—This is an appeal by defendants from an order granting plaintiff a new trial.   The action is brought by the assignee of a firm of attorneys to recover the sum of $20,000, alleged to be a reasonable attorney's fee in certain litigation wherein they acted as attorneys for the defendants. The verdict was in plaintiff's favor for $500.   The motion for a new trial was based on the ground, among others, that the verdict is against law, and also upon the ground that the evidence is insufficient to justify the finding or verdict of the jury to the effect that the services of plaintiff's assignors

were not worth more than the sum of $500. A new trial was granted by the court on the grounds that the verdict is against law and is not supported by the evidence. The motion was heard on the minutes of the court, and the appellants attack the order granting the new trial upon the ground that no proper specifications of insufficiency of the evidence were stated. It is replied in the respondent's first point, in effect, that this is immaterial for the reason that one ground of the order was that the verdict was against law, and as the instructions are not set out, error in that regard is not made to appear by the record, and therefore the order must be affirmed. This position of the respondent we deem to be well taken. The statement of the court in its order that the verdict was against law means that the verdict was contrary to the instructions of the court. (*Emerson* v. *County of Santa Clara,* 40 Cal. 543.) In the absence of the instructions, how are we to determine whether the verdict is contrary to the instructions? It appears from the transcript that the court did instruct the jury, and for all that we know it may have instructed the jury to bring in a verdict for the plaintiff for a much larger amount than $500. If it did, certainly the verdict would be contrary to the instructions and against law. All presumptions are in favor of the order granting or refusing a new trial, and the burden is on the appellant to make it affirmatively appear by a proper record that the order is erroneous. In the absence of the instructions, we must presume that the verdict was contrary to the instructions. The principle here laid down is analogous to that stated in *Wyckoff* v. *Pajaro Valley Consolidated R. R. Co.,* 146 Cal. 681, [81 Pac. 17] , *Skinner* v. *Horn,* 144 Cal. 278, [77 Pac. 904], and *Power* v. *Fairbanks,* 146 Cal. 611, [80 Pac. 1075]. On the authority of those cases, the sufficiency or insufficiency of the specifications become immaterial.

The order appealed from is affirmed.

Smith, J., and Allen, J., concurred.