[Civ. No. 333.    First Appellate District.—December 28, 1906.]

## CENTRAL TRUST COMPANY OF CALIFORNIA, Administrator, etc., Appellant, v. ELIZA STODDARD et al., Respondents.

ORDER GRANTING NEW TRIAL—APPEAL—PRESUMPTIONS—REVIEW OF RECORD.—Upon appeal from an order granting a new trial which is general in its terms, all presumptions are in its favor. The appellate court will examine the entire record upon which the order was based, and if there be found in it any error which would have justified the court in making the order, it will be affirmed.

ID.—INSUFFICIENCY OF EVIDENCE—DISCRETION.—Where one of the grounds of the motion is insufficiency of the evidence to justify material findings, the motion on that ground is addressed to the discretion of the trial court, and its order granting the new trial will not be disturbed if no abuse of discretion appears.

ID.—FINDINGS FOR PLAINTIFF—DELIVERY OF DEED TO DEFENDANTS—PRIMA FACIE SHOWING.—Where the findings were for the plaintiffs, and if a deed was delivered by the owners of property to the defendants, the judgment should be in their favor, such delivery, being a question of fact, was *prima facie* proved by the acknowledgment of the deed by the grantor, its possession by the grantees and the placing it upon record, with evidence tending to show that the grantor delivered the deed to defendants, who were his sisters, in his lifetime; and such showing could only be overcome by clear and convincing proof to the contrary. Held, that the court did not abuse its discretion in granting a new trial to the defendants for insufficiency of the evidence to sustain the findings for plaintiff and against the defendants.

ID.—NEWLY DISCOVERED EVIDENCE—ABSENCE OF BILL OF EXCEPTIONS—
PRESUMPTIONS.—Where one of the grounds of the motion for a
new trial was newly discovered evidence, and there is no bill· of
exceptions stating what was done or what evidence was offered
upon the hearing, the presumption is that the order granting a new
trial on that ground was regular, and that proper affidavits were
offered and read in support of the motion.

APPEAL from an order of the Superior Court of the City
and County of San Francisco granting a new trial. Frank
H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

F. A. Berlin, for Appellant.

Stoney, Rouleau & Stoney, H. B. Montague, and D. M.
Duffy, for Respondents.

COOPER, J.—Action to quiet plaintiff's title to the lands
described in the complaint. The case was tried before the
court, findings filed and judgment entered in favor of plain-
tiff. The court afterward granted defendants' motion for a
new trial, and from the order so made the plaintiff has ap-
pealed.

The order was general in its terms, and all presumptions are
in its favor. This court will examine the entire record upon
which the order was based, and if there be found in the
record any error which would have justified the court in
making the order it will be affirmed. (*Baldwin* v. *Napa etc.
Wine Co.*, 1 Cal. App. 215, [81 Pac. 1037], and cases cited.)
One of the grounds of the motion was the insufficiency of the
evidence to justify certain material findings, and in such case
the motion is addressed to the discretion of the court below,
and will not be reversed except it appears that there was an
abuse of such discretion. (*Bledsoe* v. *Decrow*, 132 Cal. 314,
[64 Pac. 397] ; *Estate of Motz*, 136 Cal. 560, [69 Pac. 294] ;
*Baldwin* v. *Napa etc. Co., supra.*)

The record shows that prior to September 1, 1902, David
FitzGibbon, deceased, was the owner and seised in fee simple
of the property. That on said day said FitzGibbon executed

and acknowledged a deed, conveying said property to his two aged sisters, Mary Ann McCann and Eliza Stoddard. After the death of said FitzGibbon the deed was recorded, and defendants claim through said deed. If the deed was delivered by FitzGibbon to the grantees therein named the title was in defendants, and the judgment should have been in their favor. Whether or not a deed is delivered is a question of fact, to be determined in each case by its own particular circumstances. It must appear, in order to constitute a good delivery, that the grantor intended to part with the title to the property described in the deed, and that he parted with the deed by placing it beyond recall. While between a grantor and a grantee the question of delivery is one to be determined by a preponderance of evidence, the rule is somewhat different where the rights of third persons have intervened. In such case the proof of nondelivery should be clear and convincing. The deed signed and acknowledged before a notary public was *prima facie* evidence of delivery (Civ. Code, sec. 1055; *McDougall* v. *McDougall,* 135 Cal. 316, [67 Pac. 778]), and when found in the possession of the grantee it requires satisfactory evidence to overcome the presumption of delivery. (*Ward* v. *Dougherty,* 75 Cal. 240, [7 Am. St. Rep. 151, 17 Pac. 193].) We do not deem it proper to discuss the evidence in such a way as to express an opinion upon the question as to whether or not the evidence shows that the deed was delivered in this case. It is sufficient to say that it was duly acknowledged before a notary public, was found in possession of the grantees therein named, and was placed upon record. There was evidence to the effect that when the deed was executed the deceased handed it to his sisters, the grantees, who took it. Suffice it to say, that the court did not abuse its discretion in granting the new trial for the reasons above indicated.

Another ground of the motion for a new trial was newly discovered evidence. This could have been shown by affidavits used on the hearing of the motion. There is no bill of exceptions stating what was done, or what evidence was offered on the hearing of the motion, or whether or not affidavits were read. In such case the presumption is that the order was regular, and that proper affidavits were offered and

read in support of the motion. (*Skinner* v. *Horn*, 144 Cal. 278, [77 Pac. 904]; *Wyckoff* v. *Pajaro Valley etc. Co.*, 146 Cal. 681, [81 Pac. 17].)

The order is affirmed.

Hall, J., and Harrison, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 25, 1907.