[Civ. No. 216.   Third Appellate District.—March 16, 1907.]

## ANNA THOMPSON, Respondent, v. C. M. WHEELER, Appellant.

ORDER GRANTING NEW TRIAL—REVIEW UPON APPEAL—INSUFFICIENT RECORD—PRESUMPTION.—Upon appeal from an order granting a new trial, the appellant must present a record which affirmatively shows error·in the granting of the motion. In the absence of a bill of exceptions showing the grounds of the motion and what was used upon the motion, where the record does not establish the contrary, it will be conclusively presumed in favor of the order that it was in part based upon some ground upon which affidavits could be used, and that such were used, and were sufficient to justify the order.

ID.—STATEMENT ON MOTION FOR NEW TRIAL.—A statement on motion for a new trial which may be sufficient on appeal from an order denying the motion may be wholly insufficient to show error in the granting of the motion. It is the duty of the party who would show such error to see that the record establishes it.

APPEAL from an order of the Superior Court of San Joaquin County, granting a new trial.   W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellant.

Ashley & Neumiller, for Respondent.

BURNETT, J.—Defendant had judgment, but the trial court granted plaintiff's motion for a new trial. From this order the appeal was taken.

The record does not show what evidence was used upon the motion for a new trial, nor upon what ground the court based its order. The notice of motion is not disclosed. In reference to the matter all that the transcript reveals is: "Whereupon, within the time by law prescribed therefor, plaintiff filed with the Clerk of said Court and served upon defendant, notice of her intention to move said Court to vacate said decision and to grant plaintiff a new trial of said action"; and: "The Court this day made an order that plaintiff's mo-

tion to vacate and set aside the decision rendered in said action, heretofore argued and submitted, be and the same is hereby granted, to which order the defendant duly excepted."

In *Skinner* v. *Horn*, 144 Cal. 280, [77 Pac. 905], the supreme court, speaking through Mr. Justice Angellotti, said: "The presumption is that the order granting a new trial was properly made, and, in the absence of a bill of exceptions showing what was used on the motion, unless the record on appeal establishes the contrary, it will be conclusively presumed in favor of the order that the motion was in part based upon some ground upon which affidavits could be used, that affidavits were in fact used on the hearing, and also that such affidavits were sufficient to justify the court in the making of the order appealed from. If, therefore, the appellant fails to present a record which shows affirmatively that the lower court erred in granting a new trial, *such failure will operate solely to his own disadvantage.*"

In the same case, reported in *Skinner* v. *Horn*, 146 Cal. 62, [79 Pac. 597], in the opinion by the chief justice referring to the previous order of the supreme court denying the motion to amend the record, is found the following declaration: "We held that a party appealing from an order must bring up a record demonstrating conclusively that the lower court erred in its ruling or must fail in his appeal, and that an order granting a new trial must be affirmed when the record contains nothing but a statement on motion for a new trial, and fails to show that the motion was not based also upon one or more of the grounds which require affidavits for their support. . . . *Non constat,* therefore, that the order granting a new trial was not supported by affidavits disclosing newly discovered evidence, or some other of the first four grounds for the motion. (Code Civ. Proc., sec. 657.)" The foregoing is decisive of this appeal.

Appellant's answer to this contention is that "as the bill was prepared by her, the point, if well taken, would seem to be an attempt to take advantage of her own wrong." It is obvious, however, that it is not a question of morals, but of legal procedure. Besides, the present record might be sufficient to answer plaintiff's purpose if her motion had been denied, but it is not sufficient to show error of the court in granting the motion. And it is hardly to be expected that

one litigant will be solicitous to perfect the record for the special benefit of his adversary.

The order is affirmed.

Chipman, P. J., and Hart, J., concurred.