[Civ. No. 672.   Third Appellate District.—December 27, 1909.]

# XAVIER FISHER, Respondent, v. WESTERN FUSE AND EXPLOSIVES COMPANY, Appellant.

APPEAL FROM JUDGMENT—MOTION TO DISMISS FOR FAILURE TO FILE TRANSCRIPT IN TIME—STIPULATED FILING.—A stipulated filing of the transcript is a complete answer to a motion to dismiss an appeal from the judgment for failure to file the transcript in time.

ORDER DENYING NEW TRIAL — REVIEW UPON APPEAL — ABSENCE OF BILL OF EXCEPTIONS—UNAUTHENTICATED RECORD.—An appeal from an order denying a new trial, in the absence of a bill of exceptions in support of it, or of any record brought up agreeably to rules V and VI of the supreme court, authenticated as provided in rule XXIX, cannot be reviewed.

ID.—POWER OF COURT OVER ORDER—DESTRUCTION OF PROPOSED BILL OF EXCEPTIONS BY FIRE—DISCRETION—PROPER ACTION OF COURT.— The power of the court to grant a new trial under the statutes of 1907 (page 998), where a proposed statement or bill of exceptions was destroyed by the conflagration in San Francisco of April 18, 1906, when it cannot be replaced, is discretionary; and where it appears that the case was tried in Oakland, and that the official reporter had supplied a copy of all the proceedings, to enable the defendant to prepare a bill of exceptions or statement on the motion, the court properly refused to grant the motion, as of course, in plain violation of the statute, and continued the motion for further preparation of a bill of exceptions.

ID.—BILL OF EXCEPTIONS NOT REQUIRED UNDER SPECIAL ACT—AUTHENTICATED RECORD ESSENTIAL.—Though the special act of 1907, does not make a bill of exceptions necessary, as it provides for a hearing on "affidavits or otherwise," yet to review the action of the trial court therein, the proceedings, duly authenticated, should be brought up under the same rule as in other cases; and it must appear that all the evidence and proceedings upon which the trial court acted when making the order are before the appellate tribunal.

ID.—STIPULATED FACTS NOT WARRANTING A NEW TRIAL.—Where stipulated facts do not show a complete record, nor warrant a trial *de novo*, under the special act, and the record does not appear to be complete, the order refusing to grant a new trial thereunder cannot be reviewed.

ID.—LONG DELAY—ORDER DISMISSING PROCEEDINGS FOR SETTLEMENT OF BILL AND MOTION FOR NEW TRIAL—DISMISSAL UPON APPEAL.— Where very long delay appears, and the court properly ordered a dismissal of the further proceedings, for the settlement of the

bill of exceptions, and of the motion for a new trial, and no bill of exceptions was settled upon appeal therefrom, and no bill of exceptions was ever settled, this court will dispose of the appeal from the order by granting a motion to dismiss the same.

MOTIONS to dismiss appeals from a judgment of the Superior Court of Alameda County, and from order denying a new trial, dismissing proceedings for settlement of a bill of exceptions, and dismissing the motion for a new trial. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

G. R. Lukens, for Appellant.

Reed & Nusbaumer, M. C. Chapman, A. A. Moore, Stanley Moore, and W. H. Orrick, for Respondent.

CHIPMAN, P. J.—There are three different motions in this case, each taking a separate number. Number 669 is a motion to dismiss the appeal from the judgment on the ground that no transcript has been filed in time. The transcript, however, was filed agreeably to stipulation, which is a sufficient answer to the first motion. The second motion, number 671, is a motion to dismiss defendant's appeal, taken July 29, 1907, from the order of the superior court, made May 31, 1907, denying appellant's motion for a new trial made by it under the act of March 23, 1907 (Stats. 1907, p. 998), which second motion is, by stipulation, to be considered upon the following grounds: (1) That there exists no record upon which said appeal can be heard or considered; (2) that the papers used, and evidence taken on the hearing which resulted in said order are not, and never have been incorporated in a bill of exceptions. There is a further ground, stated in the notice of motion, to wit, that the proceedings taken by appellant for the settlement of a bill of exceptions were dismissed for want of prosecution February 19, 1909. The third motion, number 672, is from an order dismissing appellant's appeal from the order of the superior court dismissing the motion of appellant for a new trial, on the grounds: "(1) that there exists no record upon which said appeal can be heard or considered; (2) that the papers used, and evidence taken on the hearing and which

resulted in the making of said order, are not, and never have been incorporated in a bill of exceptions; (3) that the transcript on file herein contains no bill of exceptions to said order settled or purporting to be settled as required by law, or at all; and (4) that said order is a nonappealable order. Said motion will be based upon this notice, upon the transcript on file herein, upon the certificate of John P. Cook, county clerk of said county of Alameda, and upon the affidavit of Stanley Moore, annexed hereto.'' It was stipulated ''that the evidence offered upon the hearing of said motions (the last two), to wit, the certificates of County Clerk Cook, the affidavit of Stanley Moore and the transcripts, on file in said cause, may be considered upon said motions.'' There is a transcript on the appeal from the judgment and a transcript filed in the other two appeals. We discover no difference in them.

The action was for damages to plaintiff's property, resulting from the explosion of defendant's powder magazine in July, 1898. The cause was tried before a jury and on December 21, 1904, plaintiff had the verdict on which judgment was entered against defendant on December 22, 1904. Defendant served notice of intention to move for a new trial December 30, 1904, and on June 20, 1905, served notice of appeal from the judgment. It appears from the affidavit of defendant's attorney that the statement of the case on motion for a new trial was duly and regularly settled and ordered engrossed. Some delay occurred in the work of engrossment and the draft statement was destroyed by fire in the office of defendant's attorney in the city of San Francisco during the conflagration of April 18, 1906. On May 22, 1907, defendant filed notice of motion for a new trial under the act of March 23, 1907 (Stats. 1907, p. 998). This motion purported to be ''based upon the annexed affidavit of G. R. Lukens (defendant's attorney), and all the documents, papers, and records now on file in this court in the above-entitled action.'' On May 27, 1907, Stanley Moore, one of plaintiff's attorneys, filed a counter-affidavit to which Mr. Lukens replied May 31, 1907, and, on that day, to wit, May 31, 1907, the court made an order denying ''the motion for a new trial under section (chapter) 537 of the statute approved March 23, 1907,'' and

"twenty days are allowed by the court in which to prepare a bill of exceptions, and on motion for a new trial on merits is by this court ordered dropped from the calendar, to be reset on five days' notice."

At this point it becomes necessary to examine the provisions of the act of March 23, 1907, under which defendant's motion for a new trial was made. It reads as follows: "Section 1.   When any proposed bill of exceptions or statement of the case on motion for a new trial, in action[s] or proceedings, is lost or destroyed by reason of conflagration or other public calamity, and no record of the proceedings upon the trial thereof can be obtained, and such action or proceeding is subject to review by motion for a new trial, pending at the time of such loss or destruction, and it is by the court in which such action or proceeding is pending deemed impossible or impracticable to restore such proceedings (and to settle a bill of exceptions or statement of the case containing such proceedings) so as to enable the court to review the judgment or order therein by motion for a new trial, the court may grant a new trial of such action or proceeding if at the time of such loss or destruction a motion for a new trial be pending therein, and such action or proceeding shall thereupon be tried anew.   In order to grant such a new trial, it shall be unnecessary to have any bill of exceptions or statement of the case settled, but upon the facts above recited being shown to the satisfaction of the court by affidavit or otherwise, the court shall have power in its discretion to grant such new trial.

"Section 2.   Pending the hearing of a motion under the preceding section to grant such new trial, the time within which a bill of exceptions might be prepared, served or presented for settlement, shall be extended, and shall not commence to run until the decision upon such motion. (The motion provided for by this act must be made within thirty days after the loss or destruction of such records; *provided* that in any case now pending such motion may be made at any time within sixty days after the passage of this act.)"

The constitutionality of this act is challenged by respondent (citing *Johnson* v. *Gebhauer,* 159 Ind. 271, [64 N. E. 855]), but we do not find it necessary to decide the point.

As we understand the act, the trial court is given the power to grant a new trial regardless of any errors which may have occurred at the trial, but this power is discretionary with the court, when any proposed bill of exceptions or statement of the case on motion for a new trial is lost or destroyed, by the means mentioned, and no record of the proceedings upon the trial thereof can be obtained, and it is by the court "deemed impossible or impracticable to restore such proceedings (and to settle a bill of exceptions or statement of the case containing such proceedings) so as to enable the court to review the judgment or order therein by motion for a new trial, the court may grant a new trial . . . and such action or proceeding shall thereupon be tried anew." Without stating the facts shown in the affidavits used at the hearing of defendant's motion for a new trial, it appeared, not, however, without some conflict between the statements of counsel, that the trial was held in Alameda county and that "all the pleadings, papers, records and files pertaining to said action were and are in the office of the county clerk and clerk of said court in the city of Oakland." It also appeared that the official court reporter had made a copy of the transcript of the proceedings taken in the case and copies of the above-named papers and records had been made for the purpose of enabling appellant to prepare the statement of the case on its motion. Under this state of facts the court was fully justified in denying the motion which, had it been granted, would have had the effect to order the case tried *de novo* in plain violation of the statute.

The court, however, allowed defendant twenty days in which to prepare a bill of exceptions and directed the motion for a new trial to be dropped from the calendar, "to be reset on five days' notice." The court appears to have regarded section 2 as giving it authority to set the matter of preparing the bill of exceptions at large with the right to the defendant to proceed with its preparation. It is the motion to dismiss this order denying defendant's motion for a new trial we are first to consider.

There is no bill of exceptions bringing up the proceeding upon which this order was made, and the court dismissed all proceedings looking to that end. It appears, without

contradiction, from the moving papers that such is the fact. We have referred to the affidavits and evidence submitted on the hearing of the motion for a new trial as printed in the transcript, but it may be doubted whether on the present condition of the record we were authorized even to do that, except for the limited purpose of showing that no bill of exceptions is before us. We are quite convinced that we cannot review the order denying the motion for a new trial except upon a record brought up agreeably to rules V and VI of the supreme court, and authenticated under rule XXIX (which are rules governing this court), for there is no bill of exceptions in support of the motion. (*Melde* v. *Reynolds,* 120 Cal. 237, [52 Pac. 491]; *San Diego Savings Bank* v. *Goodsell,* 137 Cal. 420, [70 Pac. 299]; *Skinner* v. *Hora,* 144 Cal. 279, [77 Pac. 904]; *Muzzy* v. *McEwen etc. Co.,* 154 Cal. 685, [98 Pac. 1062]; *Manuel* v. *Flynn,* 5 Cal. App. 319, [90 Pac. 463]; *Higgins* v. *Los Angeles Ry. Co.,* 5 Cal. App. 748, [91 Pac. 344].)

Appellant contends that under the act of March 23, 1907, no bill of exceptions is necessary. It is true that by the act no bill of exceptions is necessary in support of the motion when made to the trial court, as the act provides that the motion may be heard upon "affidavits or otherwise," but to review the action of the court on such motion we think the proceedings, duly authenticated, should be brought up under the same rule as in other cases, and it should appear, as in other cases, that all the evidence and proceedings upon which the trial court acted when making the order should be before the appellate tribunal. The parties have stipulated that not only the certificate of the clerk and the affidavit of Stanley Moore may be considered upon the motion but also the transcript. We take this to mean that we may consider whatever we find in the transcript which appears to have been used at the hearing of the motion. So understanding the stipulation, we fail to discover anything which would have warranted the court in granting a trial *de novo,* and, besides, it does not appear therefrom that all the evidence or records then before the court appear in the transcript.

What has already been said applies to considerable extent to the third motion, next to be considered, to wit, to dis-

miss the appeal from the order dismissing the proceedings for a settlement of a bill of exceptions. Following the order denying the motion for a new trial, there appears in the transcript what purports to be "Defendant's draft bill of exceptions upon the order denying defendant's motion for a new trial under and by virtue of the provisions of act of the legislature entitled 'An Act' [giving its title] approved March 23, 1907." This document is a skeleton merely with here and there spaces to be filled in by copying the documents noted. It was served on plaintiff's attorneys July 19, 1907, who, on July 24, 1907, served certain proposed amendments, subject, however, to the following: "Now comes the plaintiff and without waiving its rights to object to defendant's proposed bill of exceptions or to the settling of any bill of exceptions upon the order referred to, and reserving to itself all ground of legal objection to the sufficiency of said proposed bill of exceptions, proposes the following amendments."

On December 7, 1908, Stanley Moore filed with the clerk an affidavit setting forth at much length the various steps taken in the matter. On December 10, 1908, the clerk served notice on the parties, stating "that the defendant's draft bill of exceptions on the order denying defendant's motion for a new trial . . . and the plaintiff's proposed amendments thereto, which were heretofore delivered to the clerk of said superior court for the judge in the manner required by law, have been received from the clerk aforesaid by the judge, and upon the application of defendant, the judge this day designated Friday the eighteenth day of December, 1908, . . . the time and place at which he will settle the said bill." On December 12, 1908, plaintiff served and filed his motion, that on Friday, December 18, 1908, counsel "will move the above-entitled court for an order dismissing the proceedings for the settlement of a bill of exceptions upon the order heretofore made by said court denying defendant's motion for a new trial under the act of March 23, 1907, upon the ground that the defendant has failed to prosecute said proceeding for the settlement of said bill of exceptions with ordinary diligence and has neglected and abandoned the same. Upon the hearing of this motion, plaintiff will rely upon and use the pleadings, papers,

records and files in the above-entitled action, together with
the affidavit of Stanley Moore which is served herewith and
made part hereof, together with the proposed bill of excep-
tions and amendments thereto upon said order.'' Mr.
Moore's affidavit is a history of the proceedings taken to
have the bill of exceptions perfected and closes with the
statement that ''Since said first day of August, 1907, no
steps whatever have been taken or attempted by the defend-
ant in the matter of said proceeding to settle said bill of
exceptions.''

On December 17, 1908, Mr. Lukens made an affidavit, ap-
pearing in the transcript, marked ''Read into evidence.
J. Woolsey, Deputy County Clerk,'' in which he sets forth
some of the vicissitudes through which the proceedings have
passed, but not controverting the statement of Mr. Moore
as to there having been no steps taken by defendant since
August 1, 1907, to settle the bill of exceptions. On Feb-
ruary 19, 1909, the court made the following order: ''The
motion to dismiss bill of exceptions, and the motion to dis-
miss defendant's motion for a new trial, coming on regu-
larly this day at 2 o'clock P. M. for further hearing; Come
now into court (naming counsel). . . . Certain affidavits are
read into evidence by G. R. Lukens, Esq., and both motions
are argued by the respective counsel and submitted to the
court for decision. And the court, having considered the
argument, and being fully advised in the premises, orders
that the motion to dismiss bill of exceptions be granted, to
which order defendant excepts. And it is further ordered
by the court that the motion to dismiss defendant's motion
for a new trial be granted, to which order defendant ex-
cepts.''

Upon the appeal from this order no bill of exceptions,
authenticated as required by rule XXIX, is before us and
nothing in support thereof, except as appears from the tran-
script which we have assumed may, under the stipulation,
be considered, but which shows conclusively that no bill of
exceptions was ever settled. This transcript does not pur-
port to embrace all the evidence before the court at the
hearing of the motion and so far as the evidence shows we
cannot say that the court abused the discretion with which
it was clothed in granting the motion. There is much in

the record before us which shows unnecessary delay in the attempts at settling the statement or bill of exceptions on which the motion for a new trial was to be based.

The motion to dismiss the appeal was a proper method by which to dispose of the matter. (*Spreckels* v. *Spreckels,* 114 Cal. 60, [45 Pac. 1022]; *Linott* v. *Rowland,* 119 Cal. 452, [51 Pac. 687]; *Miller* v. *Thomas,* 78 Cal. 509, [21 Pac. 11].)

The motion to dismiss the appeal from the order dismissing the proceedings for the settlement of bill of exceptions and dismissing defendant's motion for a new trial is granted.

Hart, J., and Burnett, J., concurred.