[Civ. No. 1786. Second Appellate District.—February 14, 1916.]

## ELLIE BARR CROFFORD, Appellant, v. GEORGE CROFFORD, Respondent.

ACTION TO RECOVER AUTOMOBILE—ALLEGED GIFT—CONFLICTING EVIDENCE —FINDINGS CONCLUSIVE.—In an action to recover possession of an automobile, claimed to have been given plaintiff by her husband, since deceased, where the evidence is conflicting, but there is substantial evidence tending to support the findings of the trial court, its decision cannot be disturbed on appeal.

ID.—MOTION FOR NEW TRIAL—CONFLICTING EVIDENCE.—The weight of conflicting evidence will not be considered on an appeal from an order granting or refusing a new trial.

ID.—HUSBAND AND WIFE—GIFT—UNDUE INFLUENCE—PRESUMPTION.— Upon a gift from a husband to his wife, undue influence of the wife over the husband is not presumed from the mere relation of husband and wife.

ID.—APPEAL—RECORD ON—AFFIDAVITS.—Affidavits, although contained in the printed transcript, which are not in any manner authenticated as a part of the record on appeal, cannot be considered by the appellate court.

ID.—MOTION FOR NEW TRIAL—AFFIDAVITS—FAILURE TO SERVE IN TIME. Affidavits of newly discovered evidence cannot be considered on a motion for a new trial where they were not served until more than ten days after the service and filing of the notice of intention to move for a new trial, and no extension of time therefor having been granted.

ID.—MOTION FOR NEW TRIAL—DISCRETION OF COURT.—It is within the discretion of the trial court to determine that facts stated in affidavits of newly discovered evidence were not sufficient to warrant granting of a new trial, and its decision will not be disturbed on appeal where the circumstances are such as in the case at bar.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Ben S. Hunter, and Emmett W. Miller, for Appellant.

Fred N. Arnoldy, for Respondent.

CONREY, P. J.—This is an action wherein the plaintiff demanded judgment for possession of an automobile, or the

value thereof in case delivery could not be had. She appeals from the judgment against her, and from an order denying her motion for a new trial.

Under her specifications of insufficiency of the evidence to justify the decision, appellant's claim goes only to the point that the weight of evidence is in favor of the proposition that plaintiff acquired the automobile by gift from her husband, Dr. Thomas J. Crofford, and that since the time of such gift she has been the owner and entitled to possession thereof. The said Dr. Thomas J. Crofford is now deceased, and the defendant is administrator with the will annexed of his estate, and as such administrator was by the court found to be in possession, and entitled to the possession, of said property. There is a sharp conflict in the evidence, but there is .evidence of a substantial nature tending to support the finding of the court. The argument on behalf of appellant is based upon the notion, refuted in almost every volume of the reports, that the weight of conflicting evidence will be considered on appeal from an order granting or refusing a new trial.

The second proposition of appellant is that upon a gift from a husband to his wife, undue influence of the wife over the husband is not presumed from the mere relation of husband and wife. As admitted by her counsel, it does not appear from the findings that the court below disagreed with him respecting this doctrine; and at all events the matter was merely incidental to the determination of the ultimate fact as to whether there was or was not a gift made by Dr. Crofford to the plaintiff.

Finally, appellant claims that a new trial should have been granted on the ground of newly discovered evidence, as shown by affidavits. These affidavits, although contained in the printed transcript, are not in any manner authenticated as a part of the record on appeal, and therefore they cannot be considered by this court. (*Skinner* v. *Horn,* 144 Cal. 278, [77 Pac. 904].) If they could be considered as a part of the record, it would be found that they were not served until more than ten days after the service and filing of plaintiff's notice of intention to move for a new trial, and that no extension of time therefor was granted. This was sufficient to exclude them from the consideration of the court at the hearing of the motion. (Code Civ. Proc., sec. 659.) Furthermore, if the affidavits had been served in time, and if we were author-

ized to consider them as a part of the record on appeal, we would find that they were directed to a probative fact not conclusive upon the merits of the case. Even if the lower court considered these affidavits as having been filed in due time, it was within the discretionary right of that court to determine that the facts therein stated were not sufficient to warrant the granting of a new trial; and under the circumstances its conclusion would not be disturbed by this court.

The appeal is both groundless and frivolous, and apparently must have been made for purposes of delay. The judgment and order are affirmed, and it is ordered that the respondent recover damages in the sum of fifty dollars in addition to his costs.

James, J., and Shaw, J., concurred.