123  219
148  438

[S. F. No. 806.   Department One.—December 31, 1898.]

JOHN W. TOMPKINS et al., Respondents, v. GEORGE A. MONTGOMERY, Appellant.

NEGLIGENCE—OVERTURNING OF VEHICLE — QUESTIONS OF FACT.—In an action for injuries sustained by the overturning of a four-horse vehicle driven by an employee of the defendant, the questions whether the vehicle was overturned by the negligence of the driver, and as to the extent of the injury, and the amount of compensation to be awarded to the plaintiff, and as to whether the vehicle was hired from the defendant, and was under the direction and control of a person hiring the same, or was under the direction and control of the defendant and of the driver as his servant, are questions of fact, upon which the verdict of the jury must be accepted as correct and final.

ID.—REQUESTED INSTRUCTION—MODIFICATION—HIRING OF VEHICLE.—A requested instruction that if they found that a person named, "by reason of having hired the team, wagon, and driver from the defendant, had become (as it were) the owner or proprietor of said team, wagon, and driver for that day," the defendant was not responsible, is erroneous in leaving it to the jury to determine a proposition of law, rather than of fact; and the defendant cannot complain of its being given with the modification "that the team and conveyance and driver were under the control" of said person.

ID.—INAPPLICABLE INSTRUCTION—JUMPING FROM WAGON.—The court is justified in refusing a requested instruction that the defendant was not liable if they should find that the plaintiff was not thrown from the wagon but jumped therefrom, if there was no evidence before the jury which would have authorized them to find that plaintiff jumped from the wagon.

ID.— CONTINUANCE OF TRIAL — WANT OF DILIGENCE.— The court may properly refuse to grant a continuance of the trial for absence of a witness, for want of a showing of diligence, where it appears by implication from the affidavit in support thereof, that he had known the address of the witness some six weeks or two months before the trial, and knew it when the cause was set for trial, more than two months previous, and where it does not appear that the defendant made any effort to secure the testimony of the absent witness.

ID.—NEW TRIAL ORDER—REVIEW UPON APPEAL—SUFFICIENCY OF COMPLAINT.—Upon an appeal from an order granting or denying a new trial, the sufficiency of the complaint, or the correctness of an order overruling the demurrer thereto, cannot be considered.

APPEAL from a judgment of the Superior Court of Alameda

County and from an order denying a new trial.   A. L. Frick, Judge.

The facts are stated in the opinion of the court.

E. M. Gibson, and Welles Whittemore, for Appellant.

A. A. Moore, for Respondents.

HARRISON, J.—The defendant is the proprietor of a hotel and livery stable at Cazadero, and on the first of June, 1895, the plaintiff, Emma A. Tompkins, was a guest at the hotel.   On that day a party, consisting of ten persons, started to go from Cazadero to Fort Ross in a vehicle drawn by four horses, which were driven by an employee of the defendant, and, after proceeding a few miles, the vehicle was overturned and the plaintiff thrown out upon the ground and seriously injured.   The present action was brought to recover damages for the injury, alleging that it was caused by reason of the negligence of the defendant's servant.   Judgment was rendered in favor of the plaintiffs for thirteen thousand five hundred dollars.   The present appeal is from an order denying a new trial.

Whether the vehicle was overturned by reason of the negligence of the driver, as well as the extent of the injury, and the amount of compensation to be awarded the plaintiff, were matters which were determined by the jury upon the evidence before them, and their verdict thereon must be accepted as final. The amount of the verdict cannot be held as excessive in view of the injury shown to have been sustained.

The main ground of the defense before the jury was that the team had been hired from the defendant by one Joy, and that it was under his direction and control in making the trip from Cazadero to Fort Ross, and, consequently, that the defendant was not liable for the negligence of the driver.   The evidence before the jury tended to show that a day or two before the accident a party of guests at the hotel was made up for the purpose of taking this drive, and that Mr. Joy, who was to be one of the party, went to the office of the hotel the afternoon before the accident and made arrangements for the team for this day, and was told that the charge therefor would be fifteen dollars. Mr. Joy did not get up the party, nor does it appear that any-

one went at his request or upon his invitation. When he en-
gaged the team he said nothing about the payment for it, or by
whom it was to be made, nor did he say anything to any of the
party that he was to be paid by them. Before going on the
trip Mrs. Tompkins inquired of Mr. Ward, who was the defend-
ant's general manager, what the fare for the trip would be, and
was told by him that it would be two dollars. Others also tes-
tified that Mr. Ward told them that the fare for the trip would
be two dollars. No entry was made upon the defendant's books
of the hiring of the team by Joy, and, owing to the accident, no
charge was made to anyone for the team, or for the fare of the
trip. The driver was furnished by the hotel, and was the per-
son usually employed by the defendant in that capacity. The
court instructed the jury that, if they found from the evidence
that at the date of the accident the team and the driver were un-
der the control and management of Joy, the defendant was not
liable to the plaintiff. The verdict which was rendered neces-
sarily implies that upon the evidence before the jury they found
that it was not under his control or management, and this con-
clusion must be accepted as correct.

The defendant requested the court to instruct the jury that,
if they found that Joy "by reason of having hired the team,
wagon, and driver from defendant had become (as it were) the
owner or proprietor of said team, wagon, and driver for that
day," the defendant was not responsible. The court did not err
in refusing to give this instruction. It would have been to
leave to the jury to determine a proposition of law rather than of
fact. If the defendant had requested the court to instruct the
jury as a proposition of law that Joy had become the owner of
the team and driver by reason of having hired them, the court
would have refused it, and it was justified in refusing an in-
struction which depended upon such a finding by the jury.
The defendant cannot complain that the court gave an instruc-
tion with the modification "that the team and conveyance and
driver were under the control of Joy." Neither can he com-
plain of a similar modification in the other instruction which
was requested by him.

The court properly refused to instruct the jury that the de-
fendant was not liable if they should find from the evidence

that the plaintiff was not thrown from the wagon, but jumped therefrom.   There was no evidence before the jury which would have authorized them to find that she jumped from the wagon.

When the case was called for trial, the defendant asked for a continuance upon the ground of an absent witness, and filed his affidavit in support thereof, but the court denied his motion. The statement in his affidavit that he had not known the address of the witness for the past six weeks or two months implied that he had known it up to that time, and that he did know it at the time the cause was set for trial.   The case had been set for trial upon that day more than two months previous, and it did not appear that the defendant had made any effort to secure the testimony of this witness.   The court properly refused a continuance upon the ground of this want of diligence on the part of the defendant.

The record is quite voluminous and contains many exceptions which were taken at the trial to the rulings of the court upon the admission of testimony, but upon a careful examination we find no error therein of which the defendant can complain, or any ruling that requires an extended consideration.   Upon an appeal from an order granting or denying a new trial the sufficiency of the complaint, or the correctness of an order overruling a demurrer thereto, cannot be considered. (*Brison v. Brison,* 90 Cal. 323.)

The judgment and order are affirmed.

Garoutte, J., and Van Fleet, J., concurred.

Hearing in Bank denied.