[S. F. No. 2952.   Department Two.—November 7, 1904.]

JOHN FREY et al., Respondents, v. A. VIGNIER, Executor, etc., and MARY EISEN, Executrix, etc., Appellants.

APPEAL FROM ORDER DENYING NEW TRIAL—REVIEW—SUFFICIENCY OF COMPLAINT.—The sufficiency of the complaint can only be considered upon an appeal from the judgment, and is not reviewable upon appeal from an order denying a new trial.

ID.—QUALIFICATION OF WITNESS—ACTION BY LESSEE UPON CONTRACT OF DECEASED LESSOR—ASSIGNMENT BEFORE CONTRACT.—A witness who had assigned all his interest in a lease and in business upon the leased premises before a fire injuring the leased property and destroying a kiln thereupon is not the assignor of a cause of action for breach of a contract of the lessor, made after the fire, to repair the leased premises and rebuild the kiln, and is not disqualified to testify to events occurring before the death of the lessor, under section 1880 of the Code of Civil Procedure.

ID.—STATUTE OF LIMITATIONS—AMENDMENT OF COMPLAINT—CAUSE OF ACTION NOT CHANGED—IMMATERIAL VARIANCE.—Where an amendment to the complaint does not change the cause of action, but refers solely to the cause of action originally alleged and facts existing at the time of its accrual, and merely omits certain matters which do not show a material variance, the statute of limitations has reference only to the original complaint, and does not extend to the time of filing the amendment.

ID.—CONSIDERATION FOR PROMISE.—The promise of the lessees to replace the machinery in the destroyed kiln was a sufficient consideration for the promise of the lessor to rebuild it.

ID.—AMENDED ANSWER—CURE OF ERROR.—An error in the refusal of the court to file an amended answer after an immaterial amendment to the complaint allowing a special traverse of each of the material allegations of the original complaint was cured by subsequently allowing an amended answer after all the amendments to the complaint were filed, in which he substantially denied all the allegations of the whole complaint as amended.

ID.—SUPPORT OF FINDINGS.—*Held,* that the evidence fully warrants the findings of the court for the plaintiffs.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

C. M. Jennings, for Appellants.

Edward J. McCutchen, Page, McCutchen & Eells, and Page, McCutchen, Harding & Knight, for Respondents.

McFARLAND, J.—Judgment went in the court below for plaintiffs, and the defendants appeal from an order denying their motion for a new trial. There is no appeal from the judgment. The action was originally against Francis T. Eisen to recover damages against him for his failure to replace a certain kiln used for drying oats and other grains, which kiln had been in a house leased by him to plaintiffs and their predecessors, and had been destroyed by fire. During the pendency of the action Eisen died, and his executor and executrix were substituted as defendants. The transcript presents the difficulty of discovering what questions are involved rather than the difficulty of determining the questions when discovered.

The court, in addition to formal matters, found these facts: On October 7, 1887, said Eisen leased to the present plaintiff Frey and Jesse Newbauer and J. C. Holloway, who then composed the firm of the Monarch Milling Company, and were engaged in the business of manufacturing meals of various kinds out of wheat, oats, and other grains, certain premises in San Francisco consisting of floors and parts of floors in the building on Stevenson Street known as numbers 12, 14, and 16, together with certain machinery therein owned by Eisen and used for milling purposes, and a kiln for drying situated on the third floor. The said lessees took possession and began therein their said business. Afterwards Holloway sold and conveyed all his interest in the lease and business to the said Frey and Newbauer, and at other times there were sales of interests in the lease and business to and from other parties, until finally the plaintiffs Frey and Hoffman and Schwabacher became and remained the owners and continued to conduct the business. On the twenty-first day

of September, 1887, without any fault of plaintiffs, a fire occurred which injured and damaged said building and property and entirely destroyed the kiln and some of the machinery. Immediately after the fire Eisen agreed with plaintiffs, and promised them, to repair the premises and rebuild the kiln if plaintiffs would repair and rebuild the parts of the machinery which had been damaged and destroyed by the fire, which plaintiffs promised to do. Plaintiffs complied with their part of this contract and replaced said machinery; but Eisen neglected and refused to rebuild said kiln or to build any kiln. The kiln was necessary to the proper conduct of said business of plaintiffs, and they were damaged by Eisen's refusal to rebuild the same in the sum of $756.47, for which amount judgment was rendered against defendants. The evidence fully warrants these findings. The order denying the new trial must therefore be affirmed, unless it should be reversed upon some of the special grounds suggested by appellants; and we do not think that any of such grounds are tenable. We will notice such of them as seem to call for any discussion.

Appellants attack the sufficiency of the complaint; but as to this matter it is enough to say that the sufficiency of a complaint can be considered only on an appeal from the judgment, and is not reviewable on an appeal from an order denying a motion for a new trial. (*Bode* v. *Lee,* 102 Cal. 583, and cases there cited.)

It is contended that the court erred in overruling appellants' objections to the testimony of respondents' witness J. C. Holloway, the objection being that he was an assignor of respondents, and therefore disqualified as a witness under section 1880 of the Code of Civil Procedure, which provides that an assignor shall not be a witness "upon a claim or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person." But the objection was not good, because Holloway had transferred all his interest in the lease and business before the fire; and as the cause of action arose upon a contract made after the fire to which he was not in any way a party, he was not an assignor of the "claim or demand" sued on.

We do not see any merit in the contention that the action was barred by the statute of limitations. There is no claim

that the action was not originally brought in time, as it was commenced within one year after the alleged cause of action accrued. But afterwards the respondents, by leave of court, amended the complaint by inserting after the averment of appellants' promise the words "for a valuable consideration," and it is contended that by this amendment a new cause of action was averred. It is obvious, however, that the amendment referred entirely to the cause of action originally alleged, and was merely a statement of something existing at the time of the accruing of that cause of action and being part of it, and which the pleader thought proper to add in order to make the complaint more full. No new cause of action was set up in the amendment. And the same may be said of the other amendments—one striking out the words "and Holloway," and another striking out the allegation that defendant "repaired said premises and property" except the kiln.

There is no material variance between the cause of action stated in the complaint and the cause of action upon which the judgment rested. The cause of action alleged was the promise of Eisen to rebuild the kiln and his failure to do so; and upon these facts the judgment was rendered.

The contention that the claim or demand presented to the executor after the death of Eisen was insufficient, and was different from the cause of action stated in the complaint, is not maintainable. The claim presented was very full, and stated as the ground of the demand the promise of Eisen to rebuild the kiln and his failure to do so, as alleged in the complaint.

The promise of respondents to replace the machinery and their fulfillment of that promise constituted a sufficient consideration for Eisen's promise to rebuild the kiln.

After plaintiffs had amended by striking out the words "and Holloway," the defendants moved for leave "to amend their answer by making a special traverse of each of the material allegations in plaintiffs' complaint." The motion was denied, and appellants assign this ruling as material error. It is not necessary to inquire whether the court was right in holding that the original answer sufficiently set forth the defenses of defendants, and that therefore an amended answer was not called for, because it appears that after-

wards, and after all the amendments to the complaint had been made, defendants were allowed to file, and did file, an amended answer, in which they had an opportunity to deny, and did substantially deny, all the material averments of the complaint as amended. The defendants therefore could have availed themselves of any defense which they had and of the right to introduce evidence pertinent thereto; and they could not have been in any way prejudiced by the said ruling excepted to.

We see no other points calling for special notice. The merits of the case lie in the questions whether Eisen promised to replace the kiln upon the consideration that plaintiffs would replace the machinery, and whether plaintiffs were damaged by his refusal to do so, as found by the court; and each party had a fair opportunity to try those questions. And as there are no good reasons for disturbing the conclusions of the court below as to those questions, there is no ground for reversing the order appealed from.

The order denying a new trial is affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.