[S. F. No. 4357.    Department Two.—November 29, 1907.]

## MARY A. RONEY, Appellant, v. EDWIN REYNOLDS, Respondent.

APPEAL FROM JUDGMENT—TIME FOR TAKING.—An appeal from a judgment which is taken more than six months after its entry cannot be considered.

FINDINGS—CONFLICT OF EVIDENCE.—The credibility of witnesses and the weight of evidence are matters exclusively for the trial court to pass on, and where there is a substantial conflict in the evidence the rule is absolute that a finding evolved from it by the trial court will not be disturbed on appeal.

ID.—AGREEMENT FOR LOAN—FINDING AGAINST AGREEMENT.—In an action to recover damages for the breach of an alleged agreement to make a loan, evidence is reviewed and held sufficient to sustain the finding of the court negativing the making of such agreement.

ID.—IMMATERIAL FINDINGS AND EXCLUSION OF EVIDENCE.—In such an action, where the court finds on sufficient evidence that no agreement for a loan was ever made between the parties, there is no possible theory on which the plaintiff could recover, and hence erroneous findings as to other and distinct issues and errors in the rejection of evidence in the matter of damages are without prejudice.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order refusing a new trial. Albert G. Burnett, Judge.

The facts are stated in the opinion of the court.

Henley & Costello, and W. F. Cowan, for Appellant.

A. B. Ware, and William E. McConnell, for Respondent.

LORIGAN, J.—The complaint in this action alleged that plaintiff, desiring to purchase certain real property in San Francisco of the value of thirty-three thousand dollars, but offered for sale for twenty-six thousand dollars, applied to

defendant for a loan of ten thousand dollars or fourteen thousand dollars, informing him of the value and location of the property, the price at which it could be obtained, that she could make a large profit by buying it at the price offered, and that the owner required a part payment of five hundred dollars as a forfeiture if her agreement to purchase failed of consummation; that she informed him also that the option to purchase would extend only a reasonable time; that the defendant agreed to loan her the money at seven per cent interest; that thereupon plaintiff entered into an agreement to purchase said property for twenty-six thousand dollars and made the deposit of five hundred dollars forfeit; that she then informed defendant of the making of the contract of sale and deposit, and he required her to furnish abstracts of title of certain property which she was to mortgage to him as security for the loan, which she did, at an expenditure of one hundred and thirty-four dollars; that thereafter defendant refused to make the loan, and plaintiff had no time or opportunity during the life of the option to get the money from another source; that the owner forfeited her deposit of five hundred dollars and sold the property to another; that plaintiff was ready and willing to perform her part of the agreement, and that defendant refused, without the fault of plaintiff, to make the loan. Damages were claimed in the sum of $14,634. The answer of defendant denied all the allegations of the complaint. Judgment went for the defendant, and this appeal is taken by plaintiff therefrom, and from the order denying her motion for a new trial.

The appeal from the judgment was taken more than six months after its entry, and, hence, was taken too late to have any points urged under it considered.

The motion for a new trial was based upon alleged insufficiency of the evidence to sustain certain findings and errors of law claimed to have been made by the court on rulings upon the admissibility of evidence. Our examination of the record satisfied us that but short consideration need be given to any of these points.

The trial court, in effect, found against the plaintiff upon all the issues in the case, and particularly found that the plaintiff, after the deposit by her of the five hundred dollars on the purchase, applied to defendant for a loan of ten thou-

sand dollars or twelve thousand dollars, but that no agreement was entered into between them that defendant should loan plaintiff the sums of money mentioned, or any sum whatever, to enable plaintiff to make the contemplated purchase, or for any other purpose; that the negotiations between them relative to borrowing said money never arrived at the point where the minds of the parties met on the terms of said loan.

It is obvious from the pleadings that the main and controlling issue in the case was whether there was or was not an agreement between the parties as to this loan. If the finding of the court that there was no agreement is supported by the evidence, it is of no moment whether the other findings as to other issues are sustained by the evidence or not. If there was no agreement to make the loan, there is no possible theory on which plaintiff could recover, and, hence, erroneous findings as to other and distinct issues could not be prejudicial error.

Now as to the finding that no agreement for the loan was ever entered into between the parties. Much of the briefs of both parties is taken up with a discussion of the evidence upon this point, which, when it is all considered, clearly shows that there was a radical conflict in it respecting the matter.

The claim of appellant relative to the evidence appears to be, not that there was no testimony supporting the claim of defendant that no agreement to loan the money was entered into, but that no credence should be given the testimony on the part of defendant showing that fact. But the credibility of witnesses and the weight of evidence are matters exclusively for the trial court to pass on, and where there is a substantial conflict in the evidence, the rule is absolute that a finding evolved from it by the trial court will not be disturbed on appeal.

That there was evidence that no contract for a loan was made plainly appears from the testimony adduced on behalf of the defendant. To briefly state it, that evidence shows that the negotiations with reference to the proposed loan took place in Santa Rosa, Sonoma County, where plaintiff owned property upon which she contemplated securing the loan, and where defendant, who was a capitalist, resided; that defendant then held a mortgage for fifteen thousand dollars upon the property of plaintiff, upon which a large amount of interest had been allowed to accumulate; that after plaintiff had paid the

deposit of five hundred dollars to secure her option on the San Francisco property, she applied to defendant for the loan required, which he said he would consider, and which he subsequently told her he would not make; that she applied to others for it but without success, and returned to defendant, stated her inability to obtain it elsewhere, and again asked him to make her the loan at whatever terms he might dictate; that they then discussed the property plaintiff had to offer for security; that no definite amount she desired to obtain was discussed or fixed, or anything said as to time of either payment of the principal or interest; that after discussing the nature of the security plaintiff had to offer for the loan, defendant expressed his willingness to make it, provided he had security for the payment of interest, and as such security therefor insisted that the rents of one of the pieces of property in Santa Rosa, which was to be mortgaged, should be turned over to him to be applied to the payment of the interest, defendant declaring that he could not consider making a further loan on the property and leave the interest to accumulate as it had on the mortgage he already held; that plaintiff objected to turning over said rents, and closed the interview by saying that she would have abstracts of the property made and defendant could further consider the matter of the application of the rents; that the abstracts were made, and turned over to the attorney for the defendant, in whose office plaintiff and defendant subsequently met to see said attorney relative to some defect which he had discovered in the title to one of the pieces of property offered as security for the loan; that while discussing the matter defendant told plaintiff that he would have to insist on the payment of the rentals theretofore mentioned to secure the payment of interest; to this plaintiff would not accede, declaring that if that was the case it ended the business right then, and, picking up the abstract, she left the attorney's office. No further negotiations were had. This evidence shows that the negotiations between the parties concerning this loan were inchoate; that they never culminated in the making of any definite agreement between them relative to it, and disposes of the objection of appellant that the finding of the court to that effect is not sustained by the evidence.

As to errors assigned on the rulings of the court on the admission of evidence. The rulings involve no particular ques-

tions of law. Counsel for appellant does not discuss them in his brief, and neither shall we particularly do so. The points made mainly apply to rulings excluding evidence offered by plaintiff relative to dealings between herself and the agents of the owner of the San Francisco property, the value of the property and its income, and as to matters relative to the making of the abstracts of the property of plaintiff and the expense thereof. Most of this proffered evidence seems to have gone in subsequent to the rulings. In any event, no material injury was committed in its rejection. It bore on the matter of damages, and could only be material if an agreement for the loan had been made, and as the court found none was made, and, hence, no damages could be recovered by plaintiff, no prejudicial error was committed, even if it were conceded that the court erred in rejecting the testimony offered by plaintiff on the subject of damages. The other assignments of error are equally without merit.

The judgment and order are affirmed.

McFarland, J., and Henshaw, J., concurred.