[Civ. No. 658.   Second Appellate District.—September 13, 1909.]

## ELLA E. BLODGETT, Respondent, v. S. E. SCOTT, Appellant.

UNLAWFUL ENTRY AND FORCIBLE DETAINER—PLEADING—INSUFFICIENT ANSWER.—Where the complaint in an action for unlawful entry and forcible detainer alleges plaintiff's possession and right of possession of an eighty acre tract of land on a date stated, and for a long time prior thereto, the entry without right thereon by defendant and his subsequent withholding of possession from plaintiff, after service of notice to vacate and surrender the same, an answer denying that plaintiff was in the lawful possession of the entire tract at the date stated, and denying the entry and withholding of possession without right, is insufficient to raise an issue.

ID.—TRIAL UPON ORIGINAL ANSWER—FAILURE OF DEFENDANT TO JUSTIFY ACTS—NEW INSUFFICIENT ANSWER—MOTION FOR NEW TRIAL—ADMISSION CONSIDERED.—Where a trial was had upon the original answer without objection thereto, but defendant failed to justify his acts, and was allowed to file a new answer, which also raised no issues, the court, in passing upon his motion for a new trial, properly considered the admission made by his other failure to deny the material allegations of the complaint.

ID.—RIGHT OF PLAINTIFF TO JUDGMENT UPON PLEADINGS—INSUFFICIENCY OF EVIDENCE IMMATERIAL.—The averments of the complaint not being denied, plaintiff was entitled to judgment upon the pleadings, and a judgment so sustainable cannot be reversed for insufficiency of the evidence for plaintiff adduced upon the trial.

ID.—DOCTRINE OF EQUITABLE ESTOPPEL INAPPLICABLE.—Upon the facts appearing, the defendant is in no condition to claim the doctrine of equitable estoppel against the plaintiff, he having failed to introduce any evidence to contradict the allegations of the complaint or to justify his acts, or to raise any issue upon the complaint, when allowed to do so at the trial, and there being nothing to indicate that he was misled by the failure of the plaintiff to object to his first answer upon the trial.

ID.—IRREGULARITIES OCCURRING AT TRIAL—AFFIDAVIT NOT EMBODIED IN BILL OF EXCEPTIONS.—An affidavit relating to irregularities occurring at the trial cannot be considered, where the same is not incorporated in a bill of exceptions.

ID.—MOTION FOR NONSUIT—REVIEW UPON APPEAL FROM ORDER DENYING NEW TRIAL—ARGUMENT—INSUFFICIENCY OF COMPLAINT.—Conceding that a motion for a nonsuit improperly refused is reviewable upon appeal from an order denying a new trial as an error

of law, yet it appears that the grounds stated in the record upon the motion are not those presented by the brief of appellant's counsel, and in so far as the application is based upon the insufficiency of the complaint to sustain the judgment, it cannot be considered upon such appeal, and is reviewable only upon appeal from the judgment. [Ruling on order denying rehearing.]

APPEAL from an order of the Superior Court of Imperial County denying a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

R. O. Bordner, for Appellant.

George H. P. Shaw, J. M. Eshleman, Shaw & Brewer, and Eshleman & Swing, for Respondent.

ALLEN, P. J.—The action was sought to be maintained under the forcible detainer act. The complaint alleges plaintiff's possession and right of possession of and to a certain eighty acre tract of land on the date stated and for a long time prior thereto, entry without right thereon by defendant and the subsequent withholding of possession from plaintiff, together with service of notice to vacate and surrender possession. The answer denied that plaintiff was in the lawful possession of the entire tract at the date stated, and denied the entry and withholding of possession without right. This answer was insufficient to raise an issue. (*Doll* v. *Good,* 38 Cal. 287.) The plaintiff, however, without demurring, or in any other way raising the question of the insufficiency of the answer, proceeded to trial and introduced evidence obviously intended to support the allegations of the complaint, both as to plaintiff's possession and the unlawful entry of defendant. This testimony was simply to the effect that on the land in dispute someone, in July of some year, had broken the brush from fifty acres of land, which was desert in its character; that the brush breaker was still upon the land when defendant entered; that there was no inclosure and no marking of the boundaries, except that the corner stakes had been placed there by someone upon which were the letters "E. E. B."; that defendant saw these stakes when he entered. Plaintiff did not connect herself with either the breaking of brush,

ownership of break, or setting of stakes; nor was there any testimony offered tending to show that there had been any entry upon this desert land with the intention to improve the same under the desert land act. After a motion for nonsuit was denied, defendant introduced evidence tending to show that when he entered upon the land no one was personally upon the property, and that new growth had at that time partially destroyed evidences of brush breaking. This is said to have constituted the evidence offered in the case, and at the close of the testimony, defendant was given leave to file an answer to correspond to the proof, but this answer when filed raised no issue. The court thereupon found that plaintiff had for more than five days before the date stated in the complaint been in the actual possession of the premises and was in such actual and peaceable possession when defendant entered, that defendant's entry was without right, and judgment was rendered in plaintiff's favor. This appeal is from an order denying a new trial.

The affidavit relating to irregularities occurring at the trial cannot be considered, the same not being incorporated in a bill of exceptions. (*Higgins* v. *Los Angeles Ry. Co.*, 5 Cal. App. 749, [91 Pac. 344], and cases cited.)

Respondent does not contend that the findings have support in the evidence alone, but contends that there being no issues presented by answer no findings were necessary, and that no appeal having been taken from the judgment, the specifications of error in relation to the insufficiency of the findings cannot be the basis for a reversal of the judgment. In passing upon the motion for a new trial the court properly considered the admissions which follow a failure to deny the material allegations of the complaint. Section 462, Code of Civil Procedure, provides: "Every material allegation of the complaint, not controverted by the answer, must, for the purposes of the action, be taken as true." The complaint in its averments is as complete as was the one under consideration in *Leroux* v. *Murdock*, 51 Cal. 541, which is there held to be sufficient. The material allegations of the complaint not being denied plaintiff was entitled to a judgment upon the pleadings. A judgment so sustainable will not be reversed because of insufficiency of evidence introduced upon the trial. The doctrine of equitable estoppel made to apply in certain

cases where parties proceed to trial in the absence of particular issues should have no application in the case under consideration, for it does not appear by the record that defendant, even upon the assumption that an issue was properly made, introduced any evidence tending to contradict the allegations of the complaint or to justify his acts in taking possession. Were it to be assumed that he was misled by the failure to object to the sufficiency of the answer in any wise, there is nothing indicating that such omission injuriously affected his interests.

The order denying a new trial is, therefore, affirmed.

Shaw, J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 13, 1909, and the following opinion was then rendered thereon:

THE COURT.—The appeal in this case was from an order denying a new trial. Conceding that the improper refusal of a nonsuit may be considered upon such an appeal as an error of law occurring during the course of the trial, the grounds stated in the record on said motion are not those presented by the brief of appellant's counsel. In so far as the application is based upon the failure of the complaint to sustain the judgment, such matter cannot be considered on this appeal, the same being reviewable only on appeal from the judgment. (*Frey* v. *Vignier,* 145 Cal. 253, [78 Pac. 733] ; *Holmes* v. *Warren,* 145 Cal. 460, [78 Pac. 954].) A rehearing is therefore denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 12, 1909.