[Civ. No. 1011.   Third Appellate District.—December 5, 1912.]

JOSEPH COOK, Respondent, v. SUBURBAN REALTY COMPANY (a Corporation), Appellant.

APPEAL FROM JUDGMENT NOT TAKEN IN TIME—DISMISSAL FOR DELAY—INSUFFICIENCY OF COMPLAINT NOT REVIEWABLE.—An attempted appeal from a judgment taken more than fifteen months after the entry of the judgment is ineffectual, and must be dismissed. Since the insufficiency of the complaint can only be reviewed upon an appeal from the judgment, objections to the complaint urged upon a demurrer thereto cannot be considered, after the dismissal of such appeal.

ACTION FOR DAMAGES TO REAL PROPERTY—PLEADING—ADMISSION OF OWNERSHIP—QUALIFIED DENIAL DISALLOWED ON DAY OF TRIAL—DISCRETION NOT ABUSED.—In an action for damages for injuries to real property, where by the answer of the defendant, he had admitted plaintiff's ownership of the property, and had allowed such admission to stand for nearly a year, and until the day of trial, before attempting to controvert it, a proposed amendment to the answer then offered by denying plaintiff's ownership, on "want of knowledge or information," was not an abuse of discretion for the court to disallow.

ID.—APPEAL FROM ORDER DENYING NEW TRIAL — DISALLOWANCE OF AMENDMENT TO ANSWER NOT REVIEWABLE—OMISSION TO SPECIFY GROUND IN NOTICE OF INTENTION.—The refusal of leave to amend the answer cannot be reviewed upon an appeal from an order denying a new trial, where the notice of intention to move for a new trial fails to set forth that the court abused its discretion by disallowance of the proposed amendment, whereby the complaining party was prevented from having a fair trial.

ID.—UNAUTHENTICATED AFFIDAVITS CHARGING MISCONDUCT OF RESPONDENT.—Unauthenticated affidavits charging misconduct of the respondent, cannot be considered upon an appeal from an order denying a new trial, where they are not incorporated in a bill of exceptions, but are merely printed in the transcript following the certificate of the clerk.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial.   R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

W. D. Grady, and A. J. Treat, for Appellant.

Lee D. Windrem, and M. R. Jones, for Respondent.

HART, J.—This is an action to recover damages for injuries alleged to have been inflicted upon the real property of the plaintiff by the wrongful acts of the defendant.   The complaint avers that at the time the plaintiff purchased the lands described in the complaint and which, it is alleged, were damaged by the acts of the defendant, "there was a natural drain which carried off all the waters and drained all" said lands, and that, "without the consent, and against the protest of this plaintiff, the defendant caused the said natural drain to be filled up, and failed and refused to provide ways and means by which the waters, during the rainy season, could be carried away from the premises of this plaintiff"; that, by reason of such wrongful acts on the part of the defendant, "a large portion of this plaintiff's property has on numerous occasions been submerged by the overflow of water from the higher ground, and this plaintiff has been unable to raise anything, or to derive any benefits from his said property," etc.

The cause was tried by a jury, who returned a verdict in favor of plaintiff for the sum of eight hundred dollars, and thereupon the court ordered judgment to be entered in said sum for the plaintiff.

The defendant attempted to appeal from said judgment and appeals from the order denying it a new trial.

The judgment from which the defendant attempted to take an appeal was entered on the fifth day of April, 1910, but the notice of appeal states that the appeal is "from the judgment therein entered in said superior court on the 16th day of March, 1910, in favor of plaintiff in said action and against said defendant," etc.   We presume that the judgment referred to in the notice was the one entered on the fifth day of April, 1910, and that the date of its entry as given in said

notice was due to an inadvertence. However that may be, the appeal from the judgment will have to be dismissed because of not having been taken within the time prescribed by law.

Subdivision 1 of section 939 of the Code of Civil Procedure, provides that an appeal from a final judgment must be taken, if at all, under the older method of taking such appeals, within six months after the entry of such judgment. Under section 941b of the same code, which prescribes a new method of appealing from final judgments, the appeal must be taken within sixty days after the notice of entry of judgment, or, if no notice thereof be given, not later than six months after the entry of such judgment.

In the case at bar, the appeal from the judgment was not taken until the twenty-fourth day of July, 1911, some days beyond fifteen months after the entry of said judgment. It, therefore, follows, as before stated, that the appeal from the judgment must be dismissed. (*Robinson* v. *Eberhart,* 148 Cal. 495, [83 Pac. 452]; *County Bank* v. *Jack,* 148 Cal. 437, [113 Am. St. Rep. 285, 83 Pac. 705]; *Roney* v. *Reynolds,* 152 Cal. 323, [92 Pac. 847]; *Allen* v. *Allen,* 159 Cal. 197, [113 Pac. 160].) It also follows that the objections to the complaint urged under the demurrer cannot be reviewed, since such objections can be considered only upon an appeal from the judgment. (*Tompkins* v. *Montgomery,* 123 Cal. 219, 220, [55 Pac. 997]; *County Bank* v. *Jack,* 148 Cal. 438, [113 Am. St. Rep. 285, 83 Pac. 705].)

The defendant complains that the court erred to its prejudice by refusing it leave to amend its answer.

The application for permission to amend its pleading was made by the defendant on the opening of court for the purpose of taking up the trial of the cause, and more than ten months after the original answer was filed. Counsel had not previously given the plaintiff or his counsel notice of an intention to ask permission to amend, nor had he prepared a draft of the proposed amendment. He, however, stated to the court the nature of said amendment, the purpose of which was to tender an issue upon the plaintiff's ownership of the lands described in the complaint, and thereafter, on his request, the court adjourned the trial of the cause until the

hour of 1:30 P. M. of the same day in order to enable counsel
to put his proposed amendment in concrete form.

The amendment as thus prepared and proposed reads as
follows: "As to the allegations contained in paragraph 2 of
plaintiff's complaint, defendant alleges that he has no knowl-
edge or information upon the subject sufficient to enable him
to answer the same, and placing his denial upon that ground,
denies that the plaintiff is now or that he has been ever since
the 28th day of February, 1907, the owner in fee simple of all
those certain lots, pieces or parcels of land . . . , set out and
described in the complaint."

Conceding, for the present, that, under the notice of inten-
tion to move for a new trial as filed and served by the de-
fendant, the alleged error of the court in disallowing the fore-
going proposed amendment may properly or legally be
reviewed by this court, and waiving the point that the denial
involved in the proposed amendment is not, strictly speaking,
the statutory denial in such case, since it is not based upon
information and *belief*, or upon a want of information *or*
belief upon the subject sufficient to enable the defendant to
reply to the fact to which it is addressed (Code Civ. Proc.,
sec. 437, subd. 2), we think the allowance or refusal of the
amendment was, under the circumstances under which the
privilege of so amending the answer was asked, a matter en-
tirely within the discretion of the court.

The general rule is that, in the exercise of the discretion
confided to trial courts in that regard, great liberality should
be indulged by such courts in the matter of allowing amend-
ments to pleadings. This salutary rule is fostered by the de-
sire that in all actions at law or suits in equity the pleadings
shall be in such condition with respect to all the issues which
ought to be litigated and adjudicated thereby as that full and
complete justice may be done between the parties. But where,
as here the defendant has, by his answer, virtually admitted
a material allegation of the complaint, and has allowed such
admission to stand for nearly a year and until the trial was
about to proceed before attempting to controvert it, and then
by a denial in its nature not positive and involving an allega-
tion in the complaint, as to the truth or falsity of which the
defendant, through the public records, had available to it
means of ascertaining some positive knowledge, upon which.

his denial could have been put in positive terms, it cannot be held that the court's denial of a proposed amendment constitutes an abuse of discretion.

But, assuming that the proposed amendment was timely and necessary and in all respects in proper form, it is clear, from an examination of the defendant's notice of intention to move for a new trial, that the alleged error of the court or the alleged abuse of its discretion in disallowing said amendment cannot be reviewed by this court.

The first subdivision of section 657 of the Code of Civil Procedure specifies four separate and distinct grounds upon which a motion for a new trial may be made, viz.: 1. Irregularity in the proceedings of the court; 2. Irregularity of the jury; 3. Irregularity on the part of the adverse party; 4. "Any order of the court or abuse of discretion by which either party was prevented from having a fair trial."

The action of a trial court refusing a party leave to amend his pleading after issue joined can only be reviewed on a motion for a new trial, and in such case, in order that a review of such action may be had, the notice of intention must set forth the fourth of the several grounds, as above given, enumerated in the first subdivision of said section 657—that is, that the court has thus abused its discretion, whereby the complaining party was prevented from having a fair trial. (1 Hayne on New Trial and Appeal, 2d ed., secs. 24 and 52.) In other words, the alleged error complained of here cannot be reviewed on any of the several other grounds for a new trial specified in said section.

The notice of intention in the case at bar does not set forth, among those relied upon for a new trial, the ground that the court abused its discretion by its disallowance of the proposed amendment, but merely charges, so far as are concerned the grounds embraced within the first subdivision of said section, "irregularity in the proceedings of the court," "irregularity in the proceedings and conduct of the jury," and "irregularity and misconduct upon the part of the plaintiff." It is very clear that the alleged abuse of discretion cannot be reviewed upon either of the foregoing grounds (Hayne on New Trial and Appeal, 2d ed., sec. 28; *Pratt* v. *Pratt,* 141 Cal. 247, [74 Pac. 742]; *Gay* v. *Torrance,* 145 Cal. 144, [78 Pac. 540]), and it, therefore, follows, as before

declared, that there is no record before us authorizing a review of the action of the court in denying the defendant's application to amend its answer.

There appear in the transcript, following the certificate of the clerk to the record or the bill of exceptions, several affidavits charging that the plaintiff was guilty of misconduct in connection with the jury while the latter, under the order of the court, were engaged in viewing the property of the plaintiff alleged to have been damaged. These affidavits were presumably designed to further the ends of the motion for a new trial on the ground of the "irregularity and misconduct of the plaintiff" and perhaps on the ground of the "irregularity in the proceedings and conduct of the jury." But the affidavits are not incorporated in a bill of exceptions and they are not, therefore, authenticated as required by rule XXIX of this court [144 Cal. lii, 119 Pac. xiv]. Obviously, under these circumstances, they cannot be regarded as any part of the record or be considered on this appeal for any purpose. (*Melde* v. *Reynolds,* 120 Cal. 237, [52 Pac. 491] ; *Herrlich* v. *McDonald,* 80 Cal. 472, [22 Pac. 299] ; *Von Glahn* v. *Brennan,* 81 Cal. 261, [22 Pac. 596] ; *Spreckels* v. *Spreckels,* 114 Cal. 60, [45 Pac. 1022] ; *Skinner* v. *Horn,* 144 Cal. 279, [1 Ann. Cas. 850, 77 Pac. 904] ; *Sutton* v. *Symons,* 97 Cal. 475, [32 Pac. 588] ; *Manuel* v. *Flynn,* 5 Cal. App. 319, [90 Pac. 463] ; *Higgins* v. *Los Angeles Ry. Co.,* 5 Cal. App. 748, [91 Pac. 344] ; *Blodgett* v. *Scott,* 11 Cal. App. 312, [104 Pac. 842] ; *Fisher* v. *Western Fuse Co.,* 12 Cal. App. 304, [107 Pac. 332] ; *Willow Land Co.* v. *Goldschmidt,* 11 Cal. App. 297, [104 Pac. 841].)

The appellant contends that the court's charge to the jury was, in a number of particulars pointed out in its brief, not pertinent to the issues made by the pleadings and as developed by the evidence. It is further claimed that error prejudicial to the rights of the defendant was committed in the refusal by the court to allow certain instructions requested by it.

The record does not contain the evidence, nor any portion thereof, and, therefore, we must assume that the instructions given were applicable to the proofs and that those refused were properly disallowed. The instructions do not appear to be obnoxious to criticism insofar as they may be regarded as abstract statements of law, nor do they appear to be in-

applicable to the issues made by the pleadings. There are, it is true, some references therein to an artificial drain and a few other matters which are not specifically referred to in the complaint, yet we must assume that those matters were brought out by the evidence and that a view of the whole record, including the evidence, would disclose their relevancy to the issues and the propriety of the instructions relating to them.

We see no merit in this appeal.

For the reasons stated in the foregoing, the appeal from the judgment is dismissed and the order appealed from is affirmed.

Chipman, P. J., and Burnett, J., concurred.