[Civ. No. 1471. Third Appellate District.—March 7, 1916.]

UNION TRUST COMPANY OF SAN FRANCISCO (a Corporation), Respondent, v. E. C. DICKINSON et al., Appellants.

GUARANTY—TIME OF COMMENCING ACTION—CONSTRUCTION OF INSTRUMENT.—Under the terms of a written guaranty providing that upon the default of the debtor the guarantee may, at its option, proceed directly and "at once" against the guarantors, to collect the full amount of the liability thereunder, or any portion thereof, without first proceeding against the debtor, or foreclosing upon, selling, or otherwise disposing of any collaterals it may have as security for the indebtedness, the right to recover is not lost by the failure to bring the action immediately upon the maturity of the promissory note given to evidence the indebtedness, as the words, "at once," were clearly intended only to emphasize the right intended to be vested by the instrument in the guarantee to proceed against the guarantors as independent obligors.

ID.—PLEADING—CORPORATION INDEBTEDNESS—AUTHORITY TO EXECUTE—UNNECESSARY ALLEGATION.—In an action to recover on such a guaranty it is not necessary that the complaint should allege that the execution and delivery of the promissory note, the payment of which the guaranty secured, was authorized by a resolution of the board of directors of the corporation maker, as such question involved an evidentiary fact.

ID.—MAKER OF NOTE—UNNECESSARY DEFENDANT.—In such an action it is not necessary to join the maker of the note as a party defendant, it not being a party to the contract of guaranty.

ID.—ACCOUNTING—UNNECESSARY CONDITION PRECEDENT.—It is not necessary that an accounting be first had to ascertain the balance due to the plaintiff, where the transaction involved the mere matter of a loan of a definite sum of money and the payment of a certain sum in part satisfaction thereof.

ID.—NAMES OF GUARANTORS—OMISSION IN BODY OF INSTRUMENT—VALID GUARANTY.—A guaranty is not defective because the names of the guarantors do not appear in the body of the instrument, where the name of the guarantee is contained therein, and the names of the guarantors are subscribed at the bottom thereof, and referred to in the body of the instrument as "the undersigned."

ID.—EVIDENCE—AUTHORITY TO EXECUTE NOTE—MINUTE-BOOK.—In such an action the minute-book of the corporation is admissible as evidence to show that the promissory note in question was executed by the officers of the corporation by the authority of the latter, duly authenticated by a resolution adopted by the board of directors.

ID.—EXECUTION AND DELIVERY OF NOTE—DEFECTIVE ALLEGATION.—An
allegation in the answer, in connection with the admission and due
delivery of the note, that the defendants have no copy of the note
and no recollection of the "words and phrases" of the note as set
out in the complaint, and having no other information upon the
subject sufficient to enable them to answer said allegations more
specifically, and placing their denial upon that ground, deny that
the alleged copy of the note set forth in the complaint is a correct
copy thereof, is a defective allegation, and tenders no issue.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Daniel O'Connell, and L. Horwitz, for Appellants.

Heller, Powers & Ehrman, and James L. Robison, for Re-
spondent.

HART, J.—This action was instituted by the plaintiff to
recover on a certain guaranty executed by the defendants
guaranteeing the payment of any and all indebtedness, not to
exceed twenty thousand dollars, which the Baker-Ensign Re-
fining Company, a corporation, might, at the time of the
execution of the guaranty, or at any time thereafter, owe to
the plaintiff.

Judgment was awarded the plaintiff in the sum of twelve
thousand five hundred dollars and accrued interest, the sum
of seven thousand five hundred dollars having been paid on
the note previously to the commencement of this action.

This appeal is by the defendants from the judgment and
the order denying them a new trial.

The complaint alleges: "On or about the 10th day of De-
cember, 1910, at the city and county of San Francisco, state
of California, the defendants made, executed and delivered
to the plaintiff for valuable consideration, a certain instru-
ment in writing whereby the said defendants jointly and
severally guaranteed to the plaintiff unconditionally and at
all times the prompt payment in United States gold coin of
the then present standard of weight and fineness of any and
all indebtedness which said Ensign-Baker Refining Company,
then doing business at 24 California Street, San Francisco,

might then or at any time thereafter owe to the plaintiff to the extent of and not exceeding the sum of twenty thousand dollars, and said written instrument contained certain other promises and agreements on the part of the defendants, and each of them, to and with the plaintiff, all of which promises and agreements are fully set out in the said instrument in writing, a true copy of which is hereto annexed and is hereby made a part of this complaint in the same manner as if the same were fully set forth herein.''

On the fifteenth day of December, 1910, so the complaint further alleges, said Ensign-Baker Refining Company made, executed, and delivered to the plaintiff its promissory note for the sum of twenty thousand dollars to evidence the loan of said sum by the plaintiff to the said refining company. Said note is set out *in haec verba* in the complaint, and is made payable one day after date. The complaint alleges the payment of seven thousand five hundred dollars on said note, alleges that there is unpaid and due the plaintiff on said note the sum of twelve thousand five hundred dollars and interest, and prays for judgment against the defendants and each of them for the amount so remaining unpaid on the principal, with interest.

The written guaranty contains the following clause: ''Upon any default of the debtor, said Union Trust Company of San Francisco may, at its option, proceed directly and at once against the undersigned to collect the full amount of the liability hereunder, or any portion thereof, without first proceeding against the debtor or foreclosing upon, selling or otherwise disposing of any collaterals it may have as security for such indebtedness.''

The defendants demurred to the complaint on both general and special grounds. Thus it is urged that the complaint does not state sufficient facts, that the Ensign-Baker Refining Company should have been joined as a defendant, and that the complaint is defective in failing to disclose an accounting to ascertain the balance due to plaintiff on the note, such an accounting, so it is claimed, being necessary.

The principal points made under the demurrer, however, are that the plaintiff lost its right of action on the guaranty by a failure to bring an action thereon immediately upon the note falling due, to wit, on the sixteenth day of December, 1910, this action having been commenced on the fifteenth day

of October, 1913, or two years and ten months after the note became due and payable; that there are certain defects in the form of the written guaranty, and that the complaint is defective in not stating that the promissory note of the corporation was authorized by resolution duly and regularly adopted by its board of directors.

The first point—that of laches—arises from the construction put upon the above-quoted part of the instrument of guaranty by the defendants, the claim being that the plaintiff, to avail itself legally of the option given it by the guaranty to proceed directly against the guarantors, should have done so immediately upon the note falling due and the default of the maker in satisfying it at that time, and that, having failed so to proceed, it lost its right to sue on said obligation. We do not agree to the construction thus given the instrument sued on.

The clause of the guaranty above quoted was merely intended to authorize the plaintiff, if it so elected, to proceed against the guarantors directly, and without first looking to the principal debtor for the extinguishment of the obligation, and without seeking to recover satisfaction thereof by resort to any collateral security which may have been pledged for its payment. The words, "at once," as used in the instrument of guaranty, and which are interpreted to mean that the intention was that the plaintiff, if it elected to exercise the option to sue the guarantors, should proceed upon the guaranty *immediately* upon default by the maker of the note in the payment thereof, or forfeit any benefit which it was to derive from the guaranty, were clearly intended only to emphasize the right intended to be vested by the instrument in the plaintiff to proceed against the guarantors as independent obligors or, in effect, as the guaranty clearly contemplates, as though they were the principal debtors. Moreover, the complaint alleges that the refining company paid the seven thousand five hundred dollars on the principal and "all interest thereon accruing up to and including the 30th day of June, 1913, and no more, leaving a balance unpaid on the principal sum of said promissory note of the sum of $12,500.00 and interest thereon from and after the 30th day of June, 1913," etc. Either the failure by the maker of the note to pay the full amount on said thirtieth day of June, or its failure to pay the balance on some date subsequent thereto, and before the com-

mencement of this action, constituted the default which authorized the plaintiff, under the express terms of the guaranty, to proceed directly against the guarantors, and giving the words, "at once," the interpretation ascribed to them by the defendants, it would be unreasonable to hold that a delay of one or two months or, at the most, less than four months after the default in bringing the suit on the guaranty constituted laches fatal to the right of the plaintiff to maintain an action on that instrument.      .

The defendants have in their briefs cited many cases which they assume sustain their position as to the claim of laches on the part of the plaintiff in bringing this action. It is not necessary to review those cases herein. It is enough to say that none of them has any application to the present case. They undoubtedly state the true rule applicable to guarantors and indorsers of promissory notes and the rule requiring the plaintiff, where he proceeds against an indorser or guarantor, to show by his complaint, as essential to the statement of a cause of action in such case, an excuse for what may on its face appear to be an unreasonable delay in making a demand for the payment of the money due on the obligation. For illustration, in the case of *Jerome* v. *Stebbins,* 14 Cal. 457, it is said (quoting the syllabus) : "An indorser of a note payable on demand, no demand being made until thirteen months after the indorsement to plaintiff, is, *prima facie,* not liable." The court held that the delay of thirteen months in making demand for payment was unreasonable, but that if there were any circumstances legitimately excusing the delay, they constituted an essential part of the plaintiff's case, and should, therefore, have been alleged in the complaint. (See *Johnston* v. *Santa Clara County,* 28 Cal. 547; *Daley* v. *Russ,* 86 Cal. 114, 117, [24 Pac. 867], both cases holding that a valid excuse for unreasonable delay in the performance of an act required of the plaintiff by contract must be pleaded by the plaintiff when suing upon the contract.)

Obviously, as stated, those cases have no bearing upon or relevancy to the question presented here and now under discussion. The defendants here, by their instrument of guaranty, bound themselves to an independent and unconditional obligation—that is, an obligation whereby they bound themselves to stand for the default of a third party regardless of whether the obligee could or could not secure satisfaction from

such third party. In brief, and paraphrasing the language of the guaranty, the guarantors in effect said to the plaintiff: "Advance money to the refining company in any sum required by it, and we will, upon the default of the company in the payment thereof, ourselves repay the money so loaned, without regard to the obligation of the company to pay or any collateral it may pledge to you to secure the debt, and you may, upon such default, proceed against us directly for the satisfaction of the debt as fully as though we were the principal debtors." Thus it will be observed that, as above stated, the plaintiff in this case was not required, as a condition precedent to the exercise of the right to proceed against the guarantors, as was true in the case above cited, and also in the case of *Penniman* v. *Hudson,* 14 Barb. (N. Y.) 579 (cited by the defendants), in which the guarantors guaranteed the payment of certain debts of a certain firm due to the creditor upon the condition that the latter was not able, by *due and legal diligence,* to collect the same from the firm, to look first to the principal debtor and use all reasonable diligence to secure from it satisfaction of the indebtedness.

There is certainly no merit in the second point urged against the guaranty, viz., that it is defective as such an obligation because the names of the guarantors do not appear in the body thereof. As is suggested by counsel for the plaintiff, the operative words of the guaranty are "the undersigned hereby guarantee unto said Union Trust Company of San Francisco, its successors and assigns unconditionally and at all times the prompt payment," etc., and to the instrument and at the foot thereof are subscribed the names of the defendants.

We are aware of no rule of law which, to bind the parties to a contract, imperatively requires the names of all such parties to be inserted in the body of the instrument. If the contract shows, by some reference, who the parties to the contract are and so sufficiently identifies them, it is sufficient. (Browne on Statute of Frauds, sec. 372.) The body of the instrument sued on here contains the name of the party to be guaranteed, and the names of the defendants subscribed at the bottom of the instrument show who the guarantors are. Thus the instrument clearly contains and sufficiently shows the names of all the parties intended to be bound by the contract.

The case of *Williams* v. *Lake,* 2 El. & E. 349, [121 Eng. Reprint, 132], cited by the defendants, involved an action on

a guaranty. The court held it not to be a sufficient agreement, because, while the instrument was signed by the guarantor, "it turns out to be in blank so far as regards the name of the party to be guaranteed." Some general observations then follow as to the essentials of a valid agreement, and among these is that it should contain the names of both parties thereto. That case, however, contains no statement which supports the proposition that a contract of guaranty is not sufficient to bind the guarantors where the name of the guarantee appears in the body of the instrument, and the guarantors have signed their names at the foot of the instrument, identifying themselves as parties thereto by referring to themselves in the body thereof as "the undersigned." What more should be required to make it perfectly clear that the Union Trust Company of San Francisco, and the "undersigned" are all the parties to the agreement, we are unable to conceive. No more is required of the ordinary promissory note, whose validity cannot justly be questioned because the name of the maker is not, *eo nomine,* stated in the body of the instrument. Indeed, contracts are not uncommon where a party thereto, particularly the promisor, without stating his name in the body thereof, refers to himself therein in the first person by means of the appropriate personal pronoun, or by the words, "the undersigned," and it would be absurd to say that the person signing such contract at the foot thereof is not the person thus referred to and who so intended to bind himself to the terms of the agreement as one of the parties thereto.

The next point urged under the demurrer is that the complaint itself is fatally defective in that it omits to state that the execution and delivery of the promissory note concerned here was authorized by a resolution of the board of directors of the corporation.

The point is not well taken. Whether the corporation did or did not authorize the execution and delivery to the plaintiff of the note involves an evidentiary fact, which it would be contrary to the very first rules of good pleading to aver in the complaint. If the officers of the corporation who signed and executed the note had no legal authority to do so, that fact is or was a matter of defense. (*Malone* v. *Crescent City M. & T. Co.,* 77 Cal. 38, 42, [18 Pac. 858].) The note as pleaded purports to be the corporate act of the corporation "and it

was not necessary to allege that the president and the secretary were authorized by resolution of the directors to execute the instrument." (*Union Trust Company of S. F.* v. *Ensign-Baker Refining Co.*, 22 Cal. App. Dec. 335.)

Nor was it necessary to join the maker of the note as a party defendant to this action, as defendants further contend. As shown above, the instrument of guaranty constituted solely the contract of the defendants. The refining company, although the maker of the note, the payment of which is guaranteed by the defendants, is not a party to the agreement of guaranty, by which the guarantors invested the plaintiff with the right or option to proceed against them upon their guaranty, upon default in the payment of the note or any portion thereof by the maker, and this independently of the liability of the maker.

The contention that the action cannot be maintained because there was no accounting had to ascertain the balance due the plaintiff is not tenable. The transaction between the plaintiff and the corporation out of which this action grows involves the mere matter of a loan of a definite sum of money and the payment of a certain sum in part satisfaction thereof. It is not a case of "mutual accounts" in the strict technical sense of that phrase, nor does the transaction involve circumstances of great complication. The amount loaned is alleged, the evidence of the loan (the note) set out, and the amount paid by the borrower on account thereof definitely specified and stated. The ascertainment of the balance due on the note was capable of ready ascertainment in this action without any other or further accounting than might be involved in the proof of the note and of the payment or payments made thereon.

The remaining assignment involves an attack upon certain rulings admitting certain evidence. The first of these objections relates to the admission in evidence of the minute-book of the Ensign-Baker Refining Company for the purpose of showing that the promissory note set out in the complaint was executed by the officers of the corporation by the authority of the latter, duly authenticated by a resolution adopted by its board of directors.

We think the book constituted proper and competent means for proving the adoption by the board of directors of the resolution authorizing the borrowing of the money from the

plaintiff, and the execution of the promissory note as evidence of the loan. C. A. Eaton, the secretary of the corporation at the time of the trial, testified that he was not such officer of the corporation at the time of the transaction referred to, but that his predecessor, L. E. Ensign, turned the minute-book containing a record of said transaction over to him (Eaton) when he took possession of the office of secretary, and that said minute-book was the only book which contained the minutes of the proceedings of the board of directors on the occasion of the adoption of the resolution authorizing the transaction. E. J. Ensign, father of L. E. Ensign, and president of the corporation during the time his son was secretary, identified his own signature, as president, to the minutes of the proceedings of the directors on the occasion mentioned as preserved in the book admitted in evidence, and identified the signature of his son thereto as secretary. We think this evidence was sufficient to justify the ruling admitting the book in evidence for the purpose of showing the authority for the execution of the note. The law requires such records to be kept by a private corporation (Civ. Code, sec. 377), and we can conceive no just reason why they should not be admissible, at least as *prima facie* proof of an act which is an essential predicate of a corporate transaction of the character of the one here. It is true that the entries in the books of a corporation showing its transactions are, as a general rule, not admissible against or binding upon third parties. We do not, however, look upon the defendants as "third parties." They in substantial effect, by their contract of guaranty, made themselves the principal debtors. But there is another reply to the objection in the fact that the defendants, in their answer, substantially admit the due execution of the note, and, in such case, proof of the fact of the due execution of the obligation is wholly unnecessary and, indeed, supererogatory. It is true that the answer, in connection with the admission of the due execution and delivery of the note, declares that the defendants have no copy of the note and no recollection of the "words and phrases" of the note as set out in the complaint, "and having no other information upon the subject sufficient to enable them to answer said allegations more specifically, and placing their denial upon that ground, they deny that the alleged copy set forth in paragraph 4 of said complaint is a correct copy of the promissory note." But

this allegation is defective, and tenders no issue upon that question because: 1. It involves a sort of negative pregnant, in that it itself virtually admits the execution and delivery by the refining company to the plaintiff of a promissory note for the amount for which the pleaded note calls; 2. The purported denial that the note as pleaded is a correct copy of the note executed is not, strictly, the statutory denial where the allegation is based upon a want of information or belief upon the subject to which the allegation is addressed. (Code Civ. Proc., sec. 437, subd. 2; *Cook* v. *Suburban Realty Co.*, 20 Cal. App. 538, 541, [129 Pac. 801].)

It is next contended that the plaintiff failed to prove that the defendant, Dickinson, joined in the making of the guaranty. But the answer expressly admitted the execution of the instrument of guaranty as pleaded in the complaint and hence, as last above suggested, the plaintiff was relieved of the burden of proving that fact.

There were some other rulings upon the evidence to which exceptions were reserved at the trial and objections urged here, but they are not deemed to be of sufficient importance to call for special notice herein.

It appears from respondent's brief that the defendants, on taking the appeal to the supreme court in this case, attempted to give a stay bond, but the attempt proved futile because of the failure of the sureties to justify when excepted to. Thereafter the defendants, it is likewise made to appear, applied to the supreme court for a writ of prohibition to restrain the execution of the judgment, but the application was disallowed. The supreme court, however, made an order to show cause why a *supersedeas* should not be granted and, upon hearing the matter, held that the sureties on the stay bond had failed to justify conformably to law and that, therefore, the bond filed in the superior court was of no force or effect, and thereupon ordered that a *supersedeas* should issue, and that all proceedings on the judgment should be stayed pending the appeal, upon the condition that the defendants file in the supreme court a new bond with sufficient sureties, to be approved by the judge of the superior court. Respondent's brief declares that the defendants thereupon gave a new bond in the penal sum of twenty-six thousand dollars, and that the same was approved as prescribed by the order requiring it to be filed.

We are now asked that we expressly authorize the entry of the judgment, if it be affirmed, against the sureties on the *supersedeas* bond above referred to. We cannot do this. Assuming that the course suggested would be warranted in a proper case, there is no record in this court of the proceedings culminating in the filing of the *supersedeas* bond, and we, therefore, have no record knowledge of the filing of said bond and know nothing of its conditions. The request must, therefore, be denied.

For the reasons herein stated, the judgment and the order appealed from are affirmed.

Chipman, P. J., and Burnett, J., concurred.